## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JANE DOE, a minor, through
her parents and legal guardians,
JANE ROE and JOHN ROE,

                    Plaintiff,

v.

K.G., a minor,

                    Defendant.

Civil Action No. _____

## VERIFIED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, Jane Doe[1], by and through her undersigned attorneys, hereby files her Verified Complaint for Equitable Relief and Damages and Demand for Jury Trial against Defendant, K.G., and alleges in support as follows:

### PRELIMINARY STATEMENT

1.    This is an action for equitable relief and damages brought under the Violence Against Women Reauthorization Act (15 U.S.C. § 6851), the Federal Child Pornography and Abuse Statutes (18 U.S.C. § 2252A), New Jersey's non-consensual pornography statute (N.J.S.A. § 2A:58D-1), and state common law tort theories of liability.

2.    Jane Doe is one of many girls and women who have been and will continue to be exploited, abused, and victimized by non-consensual pornography

---

[1] Contemporaneously with this Verified Complaint Plaintiff has filed a motion seeking to proceed in this case and for her parents to proceed in this case under pseudonyms.

generated through artificial intelligence ("**AI**").  Specifically, Jane Doe and several other minor girls were exploited and violated when the Defendant used an AI application or website over the Internet to create, obtain, possess, view, save, disclose, and disseminate nonconsensual nude images of Jane Doe and other minor girls in violation of federal and state law.

3.     Despite already being victimized by Defendant's actions, Jane Doe has been forced to bring this action to protect herself and her rights because the governmental institutions that are supposed to protect women and children from being violated and exploited by the use of AI to generate child pornography and nonconsensual nude images failed to do so.

## PARTIES, JURISDICTION, AND VENUE

4.     Plaintiff, Jane Doe, is a minor and citizen of Westfield, Union County, New Jersey.

5.     Defendant, K.G., is a minor and citizen of Westfield, Union County, New Jersey.

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because it involves claims arising under the U.S. Constitution and laws of the United States.

7.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or

controversy under Article III of the U.S. Constitution.  Moreover, the state law claims alleged herein do not raise novel or complex issues of state law or substantially predominate over the claims over which this Court has original jurisdiction, and there are no compelling reasons for declining jurisdiction.

8.     Pursuant to 28 U.S.C. §1391, venue is proper in this District because Defendant resides in this District and a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

9.     This Court has personal jurisdiction over the Defendant because he resides in New Jersey, committed criminal and tortious acts upon which this action is based in New Jersey, the harms and effects of which were suffered in New Jersey, and engaged in substantial and not isolated activity within New Jersey.

10.     Sufficient minimum contacts exist between the Defendant and the state of New Jersey to satisfy Due Process under the United States Constitution because he committed criminal acts and intentional torts expressly aimed at New Jersey, the effects and harms of which were calculated to and did cause injury within the state of New Jersey, and he could and should have reasonably anticipated being sued for the claims alleged herein in the state of New Jersey.

11.     All conditions precedent to the filing and maintenance of this action have occurred, have been performed, or have been waived.

12.     Plaintiff has retained the undersigned attorneys to represent her in this action and is obligated to pay them a reasonable fee for their services.

## COMMON FACTUAL ALLEGATIONS

13.     Jane Doe is 15 years old and attends high school in Union County, New Jersey.

14.     Like most young people, Jane Doe socializes with her friends and classmates on social media, including using platforms such as *Instagram* to occasionally share photos of herself with a select group of friends.  Jane Doe's *Instagram* account is private, such that she must "accept" another user as a "friend" before they can view her posts and photos.  She owns the content she posts, including her photos.[2]

15.     Defendant attends the same high school as Jane Doe in Union County, New Jersey.

16.     Defendant, because he sent Jane Doe a friend request on *Instagram*, which she accepted, had access to view Jane Doe's posts.

17.     In or about August of 2023, without Jane Doe's knowledge or consent, Defendant took screenshots of or downloaded photos of Jane Doe and several other minor girls from their social media accounts.  Jane Doe and the other girls were clothed in the original images they posted.  Defendant, without Jane Doe's or the other girls' knowledge or consent, used his reproductions of the original photos to generate nonconsensual nude images of Jane Doe and these other minor girls.

---

[2]     *See* Instagram "Community Guidelines," located at https://help.instagram.com/477434105621119 and "Terms of Use," located at https://help.instagram.com/581066165581870/?helpref=hc_fnav

18.     Based on the timing of the events at issue in this case and the photos appearing on her *Instagram* account at such time, Jane Doe believes that the original photo Defendant used to create a nude image or images of her was taken when Jane Doe was **14 years old** and depicts her posing for a picture taken by another person in a public setting in which Jane Doe's face and the entire front side of her (clothed) body, including her chest and pelvis, are visible.

19.     Defendant uploaded his reproductions of these clothed images of Jane Doe and other girls from their social media accounts to an AI website, application or "app," and/or "bot," believed to be "ClothesOff.io" ("**ClothesOff**"), the sole purpose of which is to remove the clothing from or "undress" individuals depicted in uploaded images or photos.

20.     ClothesOff is accessible over the Internet through its website (https://clothoff.io/), apps available on Apple and Android devices, and a "bot" available on *Telegram*—a cloud-based, cross-platform mobile and desktop messaging app that, among other things, allows users to save their entire message history, images, files, and documents to cloud-based storage.

21.     ClothesOff provides users access to an AI tool that "easily" removes clothing from and generates nude images of women and girls based on uploaded images or photos in which the women and girls are fully clothed:





22.     ClothesOff promotes its "Customizable Gallery" for users' images generated using the AI tool, which indicates that the nude images or data from which the nude images can be generated are saved or stored and accessible online:

**Customizable Gallery**

Through this app, you can easily customize your gallery. There are many features available to customize the gallery. We have shared its most updated and high-quality version with new features. Its most high quality and premium version has also been shared here, which you will like very much and be able to use easily. This is a perfect app with new, updated features.

23.     ClothesOff touts its ability to "be used quickly" and "easily" to "undress anybody":



24.     ClothesOff also specifically highlights its proficiency in producing nude images of women and girls from their "[I]nstagram screenshots" and allowing users to "strip your dream girl naked":





25.     Using ClothesOff on his smart phone or computer, Defendant uploaded his reproductions of the original clothed photos of Jane Doe and other minor girls from their social media accounts to produce, obtain, and view nude images of Jane Doe and other minor girls in which their faces appeared and were fully identifiable and their bodies were nude, with breasts, genitals, and/or pubic areas exposed (the "**Nude Photos**").

26.     These Nude Photos of Jane Doe and other minor girls are virtually indistinguishable from real, unaltered photos because the ClothesOff AI tool

generated them based upon the girls' physical features in the photos or images Defendant uploaded.

27.    Defendant received, downloaded, and saved these Nude Photos onto his smart phone over the Internet.

28.    Once saved, Defendant showed these Nude Photos, including an image or images of Jane Doe nude, to Jane Doe's classmates and possibly others.

29.    Defendant also distributed and shared these Nude Photos, including an image or images of Jane Doe nude, to Jane Doe's classmates and possibly others through the Internet via a *Snapchat* group by means that required the Nude Photos to be saved to Defendant's smart phone's camera roll.  *Snapchat* is a messaging app that lets users exchange pictures and videos capable of being saved to the viewer's camera roll or via screenshot.

30.    A reasonable, unsuspecting viewer would consider the Nude Photos to be of actual individuals, including Jane Doe, who are under the age of 18.

31.    Defendant knew that creating, receiving, possessing, disclosing, and disseminating nude images of girls he knew to be minors under the age of 18 is illegal and constituted child pornography.

32.    Jane Doe and the other minor girls depicted in the Nude Photos are minors and known to be minors, and their faces are readily identifiable in the Nude Photos.

33.     Jane Doe never consented to Defendant's use of her image to create nude images of her and never consented to Defendant receiving, possessing, saving, disclosing or disseminating photos depicting her nude.

34.     Jane Doe and her parents did not learn about the existence of the Nude Photos until October 20, 2023, when Jane Doe's parents received an email from her school and Jane Doe's mother received a phone call from the school's assistant principal.  During this phone call on October 20, 2023, Jane Doe's mother was informed that nude images of students generated using artificial intelligence were created and distributed amongst students and that Jane Doe was a "confirmed victim" of pornography being circulated.  The following Monday, Jane Doe's mother had a follow-up call with the assistant principal to inquire as to how school officials knew Jane Doe was a "confirmed victim."  The assistant principal advised Jane Doe's mother that one of the students called into the school office about the situation confirmed to school officials that they saw a photo of Jane Doe nude.

35.     On October 20, 2023, Defendant's father also reached out to Jane Doe's parents about "[K.G.] did."

36.     Jane Doe and her parents immediately cooperated with an investigation launched by the Westfield Police Department, believing that some actions would be taken to hold Defendant accountable for his conduct, ensure the Nude Photos had been deleted, determine the extent of their dissemination, and try to ensure that no further dissemination occurred.  However, Jane Doe and her parents were informed on January 24, 2024 that charges could not pursued at that

time because the facts gathered by Jane Doe's school could not be used to support the investigation and because Defendant and other potential witnesses failed to cooperate with, speak to, or provide access to their electronic devices to law enforcement.   Consequently, in addition to no charges being pursued, law enforcement never determined the extent of the Nude Photos' dissemination, never ensured that no further dissemination occurred, and never ensured the Nude Photos had been deleted and were no longer accessible.

37.   The Nude Photos are lasting images depicting Jane Doe and the other girls, all identifiable minors, seemingly posing nude in a sexually explicit manner; and Defendant's possession, disclosure, and dissemination of them to others reasonably conveys the false impression that Jane Doe and the other girls depicted therein willingly posed and were photographed nude and disseminated their own nude photos to others.

38.   The use of ClothesOff to generate the Nude Photos is believed to have resulted in the creation of images or data still stored on a computer disk(s) or on cloud-based storage that is capable of conversion into a visual image depicting the content of the Nude Photos, including an image or images of Jane Doe nude.

39.   Society and the government have a compelling interest in protecting minors from being victimized by child pornography and protecting women and minors from being victimized by nonconsensual pornography because of the substantial psychological, reputational, and emotional harm such materials cause. Accordingly, the creation and dissemination of nude images depicting the faces of

actual minor girls and women without their consent are not protected expressive speech under the First Amendment.

40.     Victims of child and nonconsensual pornography in which their actual faces appear, including Jane Doe, are not only harmed and violated by the creation of such images, but they are also haunted for the rest of their lives by knowing that they were and likely will continue to be exploited for the sexual gratification of others and that, absent court intervention, there is an everlasting threat that such images will be circulated in the future.

41.     The victims depicted in images such as the Nude Photos, including Jane Doe, are also violated and harmed by being falsely portrayed to others as having willingly participating in creating and disseminating nude images of themselves.

42.     The lasting record nonconsensual and child pornography creates, as well as the false portrayal of its subjects as willing participants seemingly engaged in being photographed in a sexually explicit manner, re-victimizes its subjects every time such images are displayed, viewed, saved, disclosed, and disseminated.

43.     Victims of nonconsensual and child pornography such as Jane Doe are left to cope with the psychological impacts of knowing that images such as the Nude Photos almost inevitably make their way onto the Internet where they are retransmitted to others, such as pedophiles and traffickers, resulting in a sense of hopelessness and perpetual fear that at any time such images can reappear and be viewed by countless others, possibly even their friends, family members, future partners and employers, or the public at large.

44.     Jane Doe suffered and will continue to suffer substantial reputational harm and the psychological harm of knowing that images depicting her nude were created, saved, exploited, disclosed, and disseminated amongst her classmates and possibly others, including for morbid and abhorrent sexual gratification.

## COUNT I
### (15 USC § 6851)

45.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 44, above, as if fully set forth herein.

46.     Defendant used the Internet, a means or facility of interstate commerce, to facilitate the creation of, receive, possess, disseminate, and disclose an image or images in which Jane Doe is identifiable by her face and in which she is depicted nude with her genitals, pubic area, and/or nipples uncovered; thereby constituting an "intimate visual depiction" under 15 USC § 6851(a)(5).

47.     Jane Doe is readily identifiable from information displayed in connection with the intimate visual depiction(s), including through her actual face therein.

48.     Jane Doe is a "depicted individual" under 15 USC § 6851(a)(3) because her body appears in whole or in part in an intimate visual depiction in which she is also readily identifiable by virtue of her face.

49.     Defendant violated 15 USC § 6851(b)(1) by disclosing one or more intimate visual depictions of Plaintiff, in or affecting interstate or foreign commerce or using a means or facility of interstate or foreign commerce, without Jane Doe's consent and knowing that Jane Doe had not consented to such disclosure.

14

50.     Defendant's acts alleged herein were committed knowingly, willfully, wantonly, intentionally, or in blatant disregard of the law and the substantial likelihood of causing harm to Jane Doe.

51.     As a direct and proximate result of Defendant's conduct, Jane Doe has suffered substantial injuries, harms, and damages including substantial emotional distress, mental anguish, anxiety, embarrassment, shame, humiliation, and damage to her reputation, in amounts subject to proof and which are continuing in nature and will be suffered in the future; for all of which Defendant is liable.

52.     In addition to the quantifiable damages Jane Doe suffered, she has suffered and will continue to suffer injuries and harms for which there is no adequate remedy at law and which are likely to continue and cause additional harm and injuries in the future unless the equitable relief requested herein is awarded.

53.     The public interest would be served by awarding the equitable relief requested herein.

54.     Based on the facts alleged herein and to be established at trial, Jane Doe has the clear right to the entry of a temporary restraining order, a preliminary injunction, and permanent injunction.

55.     Pursuant to 15 USC § 6851(b)(3), Jane Doe is entitled to:

  i.  Actual damages or liquidated damages in the amount of $150,000.00 for each disclosure of an intimate visual depiction of Jane Doe;

  ii.  Costs of this action, including reasonable attorneys' fees and other litigation costs reasonably incurred;

     iii.    Equitable relief, including a temporary restraining order, a preliminary injunction, and permanent injunction;

     iv.    Mandatory injunctive relief; and

     v.    Such other and further relief as the Court deems equitable and just.

### COUNT II
### (18 USC § 2252A)

56.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 44, above, as if fully set forth herein.

57.    Defendant knowingly and purposefully used a smart phone or computer and the Internet, which are means or facilities of interstate commerce, to facilitate the production or reproduction of, receive, possess, possess with an intent to distribute, distribute, and present to others, including minors, a visual depiction or depictions of Jane Doe in which she is identifiable by her face and depicted nude with her genitals, pubic area, and/or nipples uncovered, in violation of 18 U.S.C. § 2252A and 18 U.S.C. § 1466A.

58.    Using a computer or smart phone and the Internet, Defendant knowingly and purposely produced, received, possessed, and distributed child pornography in which Jane Doe, an identifiable minor, is depicted.

59.    The visual depiction(s) of Jane Doe that Defendant produced, received, possessed, and distributed constitute an obscene "lascivious exhibition" of Jane Doe that is designed and intended to elicit a viewer's sexual response by displaying Jane Doe, including her actual face and significant portions of her actual body, fully nude

with her genitals or pubic area exposed and in a sexually suggestive setting and surrounding circumstances.

60.     Defendant created, obtained, and possessed the visual depiction(s) of Jane Doe nude for sexual stimulation or gratification and for the sexual stimulation and gratification of others to whom the visual depiction(s) were disseminated, disclosed,  or transmitted.

61.     Defendant engaged in the acts alleged herein without Jane Doe's consent and knowing that Jane Doe had not consented to such acts.

62.     Defendant's acts alleged herein were committed knowingly, willfully, wantonly, intentionally, or in blatant disregard of the law and the substantial likelihood of causing harm to Jane Doe.

63.     As a direct and proximate result of Defendant's conduct, Jane Doe has suffered substantial injuries, harms, and damages including substantial emotional distress, mental anguish, anxiety, embarrassment, shame, humiliation, and damage to her reputation, in amounts subject to proof and which are continuing in nature and will be suffered in the future; for all of which Defendant is liable.

64.     In addition to the quantifiable damages Jane Doe suffered, she has suffered and will continue to suffer injuries and harms for which there is no adequate remedy at law and which are likely to continue and cause additional harm and injuries in the future unless the equitable relief requested herein is awarded.

65.     The public interest would be served by awarding the equitable relief requested herein.

66.     Based on the facts alleged herein and to be established at trial, Jane Doe has the clear right to the entry of a temporary restraining order, a preliminary injunction, and permanent injunction.

67.     Pursuant to 18 U.S.C. § 2252A(f), Jane Doe is entitled to:

i.     Compensatory and punitive damages in amounts to be established at trial;

ii.     Costs of this action and reasonable fees for attorneys and expert witnesses;

iii.     Equitable relief, including a temporary restraining order, a preliminary injunction, and permanent injunction;

iv.     Mandatory injunctive relief; and

v.     Such other and further relief as the Court deems equitable and just

## COUNT III
### (N.J.S.A. 2A:58D-1)

68.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 44, above, as if fully set forth herein.

69.     Using a computer or smart phone and the Internet, Defendant knowingly and purposefully facilitated the production or reproduction of, and received, possessed, distributed, and disclosed a nude image or images of Jane Doe in which she is identifiable by her face and her intimate parts, including sexual organs, genital area, anal area, inner thigh, groin, buttock and/or breasts, are exposed.

70.     Using a computer or smart phone and the Internet, Defendant disclosed a nude image or images of Jane Doe in which she is identifiable by her face, by giving, providing, delivering, transferring, publishing, distributing, circulating,

disseminating, presented, exhibiting, offering, sharing, and/or making available such image or images via the Internet or by other means.

71.    Defendant violated N.J.S.A. 2A:14-9 and N.J.S.A. 2A:58D-1 by knowingly using a smart phone or computer and the Internet to facilitate the production or reproduction of, and receiving, possessing, distributing, and disclosing a nude image or images of Jane Doe in which she is identifiable by her face and her intimate parts, including sexual organs, genital area, anal area, inner thigh, groin, buttock and/or breasts, are exposed.

72.    Defendant engaged in the acts alleged herein without Jane Doe's consent and knowing that Jane Doe had not consented to such acts.

73.    Defendant's acts alleged herein were committed knowingly, willfully, wantonly, intentionally, or in blatant disregard of the law and the substantial likelihood of causing harm to Jane Doe.

74.    As a direct and proximate result of Defendant's conduct, Jane Doe has suffered substantial injuries, harms, and damages including substantial emotional distress, mental anguish, anxiety, embarrassment, shame, humiliation, and damage to her reputation, in amounts subject to proof and which are continuing in nature and will be suffered in the future; for all of which Defendant is liable.

75.    In addition to the quantifiable damages Jane Doe suffered, she has suffered and will continue to suffer injuries and harms for which there is no adequate remedy at law and which are likely to continue and cause additional harm and injuries in the future unless the equitable relief requested herein is awarded.

76.    The public interest would be served by awarding the equitable relief requested herein.

77.    Based on the facts alleged herein and to be established at trial, Jane Doe has the clear right to the entry of a temporary restraining order, a preliminary injunction, and permanent injunction.

78.    Pursuant to N.J.S.A. 2A:58D-1, Jane Doe is entitled to:

    i.    Actual damages or liquidated damages in the amount of $1,000.00, for each reproduction and disclosure of an nude image of Jane Doe;

    ii.    Punitive damages;

    iii.    Costs of this action, including reasonable attorneys' fees;

    iv.    Equitable relief, including a temporary restraining order, a preliminary injunction, and permanent injunction,

    v.    Mandatory injunctive relief, and

    vi.    Such other and further relief as the Court deems equitable and just.

## COUNT IV
### (Invasion Of Privacy--Intrusion Upon Seclusion)

79.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 44, above, as if fully set forth herein.

80.    Defendant, without Plaintiff's knowledge or consent, intentionally intruded upon the solitude and seclusion of Plaintiff's private affairs through electronic means and invaded her protected rights of privacy as recognized under the United States Constitution, New Jersey Constitution, and the common law, by creating,

obtaining, viewing, producing, possessing, disclosing, disseminating, and sharing a nude image or images of Plaintiff.

81.    Defendant's tortious acts alleged herein were not for any reasonable or legitimate purpose and were carried out in a manner that would be highly offensive to a reasonable person.

82.    Plaintiff had a reasonable expectation of privacy at all relevant times, and did not know about nor consent to the production, creation, viewing, possession, disclosure, dissemination, and sharing of nude images of Plaintiff.

83.    The unauthorized creation, possession, disclosure, dissemination, and/or sharing of nude images of Plaintiff is highly offensive and objectionable to Plaintiff and to any reasonable person of ordinary sensibilities, and is not of legitimate public concern.

84.    Defendant knew or should have known that the nude image or images of Plaintiff he created, obtained, viewed, and disseminated contained private information in which Plaintiff had a reasonable expectation of privacy and that his conduct would cause private and personal things about Plaintiff to be revealed that he had no right to disseminate or disclose, and that his intrusion upon Plaintiff's seclusion constituted a clear and substantial violation of Plaintiff's right of privacy.

85.    Defendant violated Plaintiff's fundamental privacy rights in an unprivileged manner and in conscious disregard of Plaintiff's rights.

86.     Defendant's acts alleged herein were committed knowingly, willfully, wantonly, intentionally, or in blatant disregard of the law and the substantial likelihood of causing harm to Jane Doe.

87.     As a direct and proximate result of Defendant's conduct, Jane Doe has suffered substantial injuries, harms, and damages including substantial emotional distress, mental anguish, anxiety, embarrassment, shame, humiliation, and damage to her reputation, in amounts subject to proof and which are continuing in nature and will be suffered in the future; for all of which Defendant is liable.

88.     In addition to the quantifiable damages Jane Doe suffered, she has suffered and will continue to suffer injuries and harms for which there is no adequate remedy at law and which are likely to continue and cause additional harm and injuries in the future unless the equitable relief requested herein is awarded.

89.     The public interest would be served by awarding the equitable relief requested herein.

90.     Based on the facts alleged herein and to be established at trial, Jane Doe has the clear right to the entry of a temporary restraining order, a preliminary injunction, and permanent injunction.

91.     As a direct and proximate result of Defendant's actions, Jane Doe is entitled to:

     i.     Compensatory and punitive damages in amounts to be established at trial;

     ii.     Costs of this action;

iii.    Equitable relief, including a temporary restraining order, a preliminary injunction, and permanent injunction;

iv.    Mandatory injunctive relief; and

v.    Such other and further relief as the Court deems equitable and just.

## COUNT V
### (Invasion Of Privacy--Publication Of Private Facts)

92.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 44, above, as if fully set forth herein.

93.    Defendant, without Plaintiff's knowledge or consent, intentionally publicly disclosed private facts about Plaintiff and invaded Plaintiff's protected rights of privacy as recognized under the United States Constitution, New Jersey Constitution, and the common law, by producing and disclosing, disseminating, and sharing a nude image or images of Plaintiff.

94.    Defendant disclosed or caused to be disclosed to third parties nude images of Plaintiff that he knew or should have known contained private information in which Plaintiff had a reasonable expectation of privacy, that the nude images of Plaintiff were created and disseminated without Plaintiff's knowledge, consent, or approval and revealed private and personal things about Plaintiff that Defendant had no right to disseminate or disclose; and that his publication of private facts would be offensive and objectionable to a reasonable person of ordinary sensibilities and have the natural tendency of causing substantial damages to Plaintiff.

95.    Defendant's actions served no legitimate public interest or purpose.

96.    Defendant violated Plaintiff's fundamental privacy rights in an unprivileged manner and in conscious disregard of Plaintiff's rights.

97.    Defendant's acts alleged herein were committed knowingly, willfully, wantonly, intentionally, or in blatant disregard of the law and the substantial likelihood of causing harm to Jane Doe.

98.    As a direct and proximate result of Defendant's conduct, Jane Doe has suffered substantial injuries, harms, and damages including substantial emotional distress, mental anguish, anxiety, embarrassment, shame, humiliation, and damage to her reputation, in amounts subject to proof and which are continuing in nature and will be suffered in the future; for all of which Defendant is liable.

99.    In addition to the quantifiable damages Jane Doe suffered, she has suffered and will continue to suffer injuries and harms for which there is no adequate remedy at law and which are likely to continue and cause additional harm and injuries in the future unless the equitable relief requested herein is awarded.

100.    The public interest would be served by awarding the equitable relief requested herein.

101.    Based on the facts alleged herein and to be established at trial, Jane Doe has the clear right to the entry of a temporary restraining order, a preliminary injunction, and permanent injunction.

102.    As a direct and proximate result of Defendant's actions, Jane Doe is entitled to:

i.      Compensatory and punitive damages in amounts to be established at trial;

ii.     Costs of this action;

iii.    Equitable relief, including a temporary restraining order, a preliminary injunction, and permanent injunction;

iv.     Mandatory injunctive relief; and

v.      Such other and further relief as the Court deems equitable and just.

## COUNT VI
### (Intentional Infliction Of Emotional Distress)

103.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 44, above, as if fully set forth herein.

104.    Defendant, by creating, possessing, viewing, disclosing, disseminating, and sharing a nude image or images of Plaintiff, intentionally inflicted emotional distress upon Plaintiff when Defendant knew or should have known that emotional distress would likely result.

105.    Defendant's conduct was intentional and malicious and done for the purpose of causing or was known by Defendant to likely cause harm to Plaintiff.

106.    Defendant's conduct was so outrageous in character and so extreme in degree as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

107.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress so severe that no reasonable person should be expected to endure it.

108.    Defendant's acts alleged herein were committed knowingly, willfully, wantonly, intentionally, or in blatant disregard of the law and the substantial likelihood of causing harm to Jane Doe.

109.    As a direct and proximate result of Defendant's conduct, Jane Doe has suffered substantial injuries, harms, and damages including severe emotional distress, mental anguish, anxiety, embarrassment, shame, and humiliation, in amounts subject to proof and which are continuing in nature and will be suffered in the future; for all of which Defendant is liable.

110.    In addition to the quantifiable damages Jane Doe suffered, she has suffered and will continue to suffer injuries and harms for which there is no adequate remedy at law and which are likely to continue and cause additional harm and injuries in the future unless the equitable relief requested herein is awarded.

111.    The public interest would be served by awarding the equitable relief requested herein.

112.    Based on the facts alleged herein and to be established at trial, Jane Doe has the clear right to the entry of a temporary restraining order, a preliminary injunction, and permanent injunction.

113.    As a direct and proximate result of Defendant's actions, Jane Doe is entitled to:

    i.    Compensatory and punitive damages in amounts to be established at trial;

    ii.    Costs of this action;

iii.   Equitable relief, including a temporary restraining order, a preliminary injunction, and permanent injunction;

iv.   Mandatory injunctive relief; and

v.   Such other and further relief as the Court deems equitable and just.

## COUNT VII
### (Negligence—Endangering the Welfare of Children)

114.   Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 44, above, as if fully set forth herein.

115.   Defendant owed Plaintiff a duty of care evidenced by, among other things, the statutory duties under N.J.S.A. 2C:24-4 to refrain from producing, possessing, disclosing, disseminating, and sharing nude images of Plaintiff, a minor, for the purpose of sexual stimulation or gratification.

116.   Defendant breached his duty of care by using a computer or smart phone and the Internet to produce or reproduce, view, possess, disclose, disseminate, and share nude images of Plaintiff.

117.   Defendant knew his conduct alleged herein was likely to cause harm to Plaintiff.

118.   As a direct and proximate result of Defendant's conduct, Jane Doe has suffered substantial injuries, harms, and damages including severe emotional distress, mental anguish, anxiety, embarrassment, shame, humiliation, and damage to her reputation, in amounts subject to proof and which are continuing in nature and will be suffered in the future; for all of which Defendant is liable.

119.    As a direct and proximate result of Defendant's actions, Jane Doe is entitled to:

      i.      Compensatory damages in amounts to be established at trial;

      ii.     Costs of this action; and

      iii.    Such other and further relief as the Court deems equitable and just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, awarding the following relief:

A.    Actual damages or liquidated damages in the amount of $150,000.00, for each disclosure of a nude image of Jane Doe;

B.    Compensatory damages in an amount to be established at trial;

C.    Punitive damages in an amount to be determined at trial;

D.    Prejudgment interest on all amounts due;

E.    Costs, expert witness fees, and reasonable attorneys' fees to the fullest extent permitted by law;

F.    Equitable relief, including a temporary restraining order, a preliminary injunction, and/or permanent injunction enjoining and prohibiting Defendant from viewing, displaying, disclosing, sharing, and transmitting any nude images of Jane Doe; disclosing Jane Doe's identity, as well as the identify of her immediate family members; and such other and further relief as the Court deems just and appropriate;

G.    A mandatory injunction requiring Defendant to transfer or judgment transferring all of Defendant's right, title and interest in and to the nude image(s) of Jane Doe, if any, to Jane Doe;

H.    A mandatory injunction or judgment requiring Defendant to deliver all nude images of Jane Doe, in all formats and all forms of media, to Jane Doe;

I.      A mandatory injunction requiring Defendant, at the conclusion of this litigation, to permanently delete and destroy all nude images of Plaintiff that are incapable of being returned to her for destruction; and

J.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 1st day of February, 2024.                    Respectfully submitted,

*/s/ Shane B. Vogt*
Shane B. Vogt – FBN 257620
E-mail:  svogt@tcb-law.com
David A. Hayes - FBN 096657
E-mail:  dhayes@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel:  (813) 834-9191
Fax: (813) 443-2193

*Attorneys for Plaintiff*
***(Pro Hac Vice Admission Pending)***


*/s/ John Gulyas*
Jon-Henry Barr, Esq. (Atty. ID #001561996)
Email: jhbarr@barrgulyas.com
John Gulyas (Atty ID # 023281999)
Email: jgulyas@barrgulyas.com
BARR & GULYAS, L.L.C.
21 Brant Avenue
Clark, New Jersey 07066
(732) 340-0600

*Co-Counsel/Local Counsel  for Plaintiff*

## <u>VERIFICATION UNDER 28 U.S.C. 1746</u>

I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing Verified Complaint for Damages and Equitable Relief is true and correct.

DATED:  February 1, 2024                    */s/ Jane Roe*
                                                                              Jane Roe, mother and legal guardian
                                                                              of Jane Doe[3]

---

[3] A version of this Verification Page has also been executed by Jane Roe under her real name and is available to be filed with the Court under seal if the Court deems it necessary.