

Christopher D. Adams, Esq.
Co-Chair, Criminal Defense &
Regulatory Compliance Group
331 Newman Springs Road
River Centre Building 1, Suite 122
Red Bank, NJ 07701
P: (732) 476-2692
F: (732) 476-2693
cadams@greenbaumlaw.com

February 8, 2024

**VIA CM/ECF FILING**
Honorable Esther Salas, U.S.D.J.
United States District Court, DNJ
M.L.K. Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

**RE:** **Jane Doe, et al. v. K.G.**, Civ. No. 2:24-cv-634-ES-JCB

Dear Judge Salas:

This office represents Defendant, K.G. ("Defendant"), in the above-referenced matter. We write in opposition to Plaintiff Jane Doe ("Plaintiff")'s Motion for (1) Order to Show Cause Why a Preliminary Injunction Should Not Issue, (2) Preliminary Injunction, (3) Order Permitting Plaintiff to Proceed Under Pseudonym, and (4) Order Permitting Expedited Discovery.

As outlined in further detail below, Plaintiff is not entitled to the extraordinary temporary relief sought because there are no federal or state regulations or laws that regulate or prohibit the synthetic and/or "deep fake" photos that Plaintiff alleges are "child pornography." By Plaintiff's own admission, Plaintiff acknowledges that the images central to Plaintiff's claims are computer generated images ("CGI") – meaning they are not real. This means none of the purported nude body parts, including breasts, genitals and/or pubic areas, are those of a real person, let alone a minor. That fact, alone, is fatal to Plaintiff's request.

Further, the events underlying Plaintiff's Verified Complaint took place over six months ago in August of 2023, and Plaintiff only now makes claims of alleged imminent, irreparable harm after exploration with other forums failed. As noted by Plaintiff, the alleged synthetic images have been the subject of a criminal investigation that was closed after months of investigation. Plaintiff and her parents became aware of these fake images in October of 2023, four months ago, and only now after a failed attempt to bring criminal charges has Plaintiff alleged a need for this extraordinary relief.

Specifically, the temporary restraints sought by Plaintiff include: (1) enjoining and restraining Defendant from viewing, accessing, disclosing, displaying, sharing, and transmitting any nude images of Jane Doe ("Requested Restraint 1"), (2) enjoining and restraining Defendant from deleting, destroying, secreting or modifying any data on his electronic devices ("Requested Restraint 2"), and (3) requiring Defendant maintain Plaintiff's confidentiality ("Requested Restraint 3").

Honorable Esther Salas, U.S.D.J.
February 8, 2024
Page 2

Plaintiff's request for injunctive relief pursuant to an Order to Show Cause should be denied, and instead, a briefing schedule should be set for the parties to address the viability of Plaintiff's claims.

I. **PLAINTIFF IS NOT ENTITLED TO THE EXTRAORDINARY INJUNCTIVE RELIEF SOUGHT BECAUSE PLAINTIFF IS NOT LIKELY TO SUCCEED ON THE MERITS AND HAS FAILED TO MAKE A CLEAR SHOWING OF IMMINENT IRREPARABLE HARM.**

The standard for a temporary restraining order is the same as the standard for preliminary injunctive relief. Singer Mgmt. Consultants, Inc. v. Milgram, 650 F.3d 223, 236 n.4 (3d Cir. 2011) (citing Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010)). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (quoting American Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994)).

In determining whether to grant preliminary injunctive relief, the court applies a threshold inquiry test to determine if the moving party can show both (1) a reasonable probability of success in the litigation and (2) a likelihood that the movant will suffer irreparable injury with such injunctive relief. Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017), as amended (June 26, 2017). Once these two threshold showings are made, the court then considers, to the extent relevant: (3) whether an injunction would harm the defendant more than denying relief would harm the plaintiff; and (4) whether granting injunctive relief would serve the public interest. Id. "The first two factors are 'gateway factors' and are 'most critical.'" Tracey v. Recovco Mortg. Mgmt. LLC, 451 F. Supp. 3d 337, 341 (D.N.J. 2020) (quoting Reilly, 858 F.3d at 179).

### A. Plaintiff Has Failed To Establish A Likelihood Of Success On The Merits.

To establish a likelihood of success on the merits, the moving party "must show that she 'can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not).'" Id. The basis for whether a moving party has met this standard is case specific and depends on the elements of the claim. Fres-co Sys. USA, Inc. v. Hawkins, 690 F. App'x 72, 77 (3d Cir. 2017).

Here, plaintiff cannot succeed on the merits because there are no federal or state laws that regulate or prohibit these synthetic and/or "deep fake" CGI images. Websites like Clothoff.io use artificial intelligence ("AI") to create synthetic bodies based on a person's preference from a large database of images that are broken down into data and regenerated. See Kate Kobriger et. al., Out of Our Depth with Deep Fakes: How the Law Fails Victims of Deep Fake Nonconsensual Pornography, 28 Rich. J.L. & Tech. 204 (2021); see also https://clothoff.readme.io/reference/image_generation (requesting information on a user's preference for synthetic images to be produced including age ranges of 18, 20, 30, 40, and 50, and breast size including small, normal, and big, and body types including skinny, normal and curvy).

Therefore, these AI systems are essentially "like a modern artist who learned to paint only by looking at images of the Mona Lisa (the training data)." Kobriger, supra, 28 Rich. J.L. & Tech. at 213.

The federal statutes that Plaintiff alleges provide a basis for subject matter jurisdiction simply do not apply here because those statutes did not contemplate being applied to computer generated synthetic images that do not even include real human body parts.

### i. There is no violation under 15 U.S.C. § 6851.

Plaintiff claims that Defendant violated 15 U.S.C. § 6851(b)(1) by depicting her face on synthetic images of nude body parts. However, the plain language of the statute simply does not provide relief in such a situation. Pursuant to 15 U.S.C. § 6851(b)(1)(A):

> an individual whose *intimate visual depiction* is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure, may bring a civil action against that person in an appropriate district court of the United States for relief as set forth in paragraph (3).

The definition of an "intimate visual depiction" under this statute is "the uncovered genitals, pubic area, anus, or post-pubescent female nipple **of** *an identifiable individual*." 15 U.S.C. § 6851(a)(5)(A)(i) (emphasis added). As noted above, any image generated from an application like Clothoff.io does not include the image of *an identifiable individual* because the images are fake and computer generated. Therefore, even if everything Plaintiff claims is true, such a claim fails under the plain language of the statute.

### ii. There is no violation under 18 U.S.C. § 2252A.

18 U.S.C. § 2252A prohibits the distribution of child pornography. However, this is not a case of child pornography. Again, as noted above, and as admitted to by Plaintiff, the alleged pictures are nothing more than computer generated images from adult bodies. See https://clothoff.readme.io/reference/image_generation (requesting information on a user's preference for synthetic images to be produced including age ranges of 18, 20, 30, 40, and 50). In fact, the Supreme Court addressed this issue in the case of Ashcroft v. Free Speech Coal., 535 U.S. 234, 122 S. Ct. 1389, 152 L. Ed. 2d 403 (2002).

### iii. There is no violation of N.J.S.A. 2A:58D-1.

Plaintiff alleges that Defendant possessed and distributed "nude images or images" of Plaintiff, "in which she is identifiable by her face and her intimate parts, including sexual organs, genital area, anal area, inner thigh, groin, buttocks and/or breast, are exposed" in violation of N.J.S.A. 2A:58D-1. See First Amended Verified Complaint, ¶¶69-78. However, as explained above, Plaintiff has admittedly noted that the images generated by applications like Clothoff.io are CGI synthetic images; therefore, any image of an intimate body part would not be that of Plaintiff.

Further, the plain language of N.J.S.A. 2A:58D-1 provides:

> An actor who, in violation of section 1 of P.L.2003, c. 206 (C.2C:14-9), photographs, films, videotapes, records, or otherwise reproduces in any manner, the image of another person who is engaged in an act of sexual penetration or sexual contact, *the exposed intimate parts of another person*, or the undergarment-clad intimate parts of another person shall be liable to that person, who may bring a civil action in the Superior Court.
>
> [(Emphasis added).]

Again, the alleged "exposed intimate body parts" are not of another person. They are computer generated synthetic images. Therefore, this claim fails on its face.

### iv. The common law tort claims are not viable.

Plaintiff's common law claims, which include intentional infliction of emotional distress and invasion of privacy, require an intent element. For example, a claim for intentional infliction of emotional distress requires that a defendant acted intentionally to emotionally distress another. Segal v. Lynch, 413 N.J. Super. 171, 191, 993 A.2d 1229 (App. Div. 2010). Similarly, the tort of an invasion of privacy also requires the intent to intrude on another's private affairs. G.D. v. Kenny, 205 N.J. 275, 319-20, 15 A.3d 300 (2011). Even taking all of Plaintiff's claims as true, Plaintiff has failed to highlight any facts that show that Defendant intended to intentionally harm Plaintiff, and further, there is no basis for a claim of intrusion of privacy because nothing that was specifically private to Plaintiff is the subject of this litigation. Again, the pictures that were allegedly generated are not of real human body parts, let alone the body parts of Plaintiff.

### B. Plaintiff Has Failed To Establish A Clear Showing Of Imminent, Irreparable Harm.

"A movant has the burden of establishing a clear showing of *immediate* irreparable injury and establishing a *risk* of irreparable harm is not enough." Tracey, 451 F. Supp. 3d at 344 (internal citations and quotations omitted) (emphasis added). "[T]he claimed injury cannot merely be

possible, speculative[,] or remote." Laidlaw, Inc. v. Student Transp. of Am., 20 F. Supp. 2d 727, 766 (D.N.J. 1998) (internal quotation marks omitted) (citation omitted).

As noted above, Plaintiff waited months before bringing an order to show cause after a criminal investigation was closed and there were no criminal charges. Plaintiff has not provided any reasoning for this delay besides being unhappy with the results of the criminal investigation into this matter. Further, Plaintiff's representation of the alleged harm that would result from the failure to enter temporary restraints are merely a possibility, speculative, and remote. For example, Plaintiff claims that these synthetic images *can* make their way onto the internet for pedophiles and traffickers to use. Further, Plaintiff claims that the requested temporary relief is necessary because her alleged suffering would be compounded if the photos *were to be* disseminated any further. However, none of this shows an imminent, impending injury, and this is exacerbated by the fact that there is no evidence that any of this has occurred since at least October of 2023, if Plaintiffs allegations are taken at face value.

Therefore, there is no basis to enter temporary restraints because there is no imminent irreparable harm.

C. **Because Plaintiff Cannot Meet The Threshold Requirements For Injunctive Relief, The Remaining Factors Need Not Be Addressed; However, Regardless, The Balance Of The Hardships Do Not Weigh In Favor Of Plaintiff And Granting Injunctive Relief Is Not In The Interest Of The Public.**

Because Plaintiff cannot meet the threshold inquiry for injunctive relief, the balance of hardships and public interest need not be addressed; however, regardless, Plaintiff cannot establish these factors for the extraordinary relief sought. As noted above, there is no imminent, irreparable harm present in this matter, and the alleged imminent, irreparable harm represented by Plaintiff is speculative at best. This is especially true given that a criminal investigation yielded no charges. Further, ***Plaintiff has admitted that the body in the alleged CGI synthetic pictures is not hers.*** In fact, it's no one's body because it is computer generated.

II. **THE COURT SHOULD SET A BRIEFING SCHEDULE FOR A MOTION TO DISMISS BECAUSE THIS MATTER IS NOT FEDERALLY JUSTICIABLE AND DISCOVERY SHOULD BE STAYED UNTIL A DECISION IS MADE.**

Because of the aforementioned shortcomings in Plaintiff's claim and request for emergent equitable relief, we respectfully request an opportunity to more fully brief the issues in support of a motion to dismiss. There are no federal statutes in which Plaintiff can find refuge to bring an action. In fact, when pared to its bones, Plaintiff's complaint only arguably sounds in state tort claims. That issue should be fleshed out and addressed on the merits, and when it is, the matter should be dismissed and addressed in state court. For this reason, expedited discovery is not necessary and Plaintiff's requested emergent relief for Defendant to preserve his electronic devices can be addressed pursuant to a litigation hold.

Honorable Esther Salas, U.S.D.J.
February 8, 2024
Page 6

### III. BOTH PLAINTIFF AND DEFENDANT SHOULD BE PERMITTED TO PROCEED UNDER PSEUDONYMS.

Given the implications of this case and the ages of the parties as well as the sensitivity of the subject matter, the identity of both parties and their families should be confidential and they should be permitted to proceed under pseudonyms.

We thank Your Honor for your courtesies and attention to this matter.

Respectfully submitted,

CHRISTOPHER D. ADAMS, ESQ.