

49 Market Street
Morristown, NJ 07960
973.992.4800  973.992.9125
www.foxrothschild.com

**MATTHEW S. ADAMS, ESQ.**
Co-Chair, White Collar Criminal Defense
& Regulatory Compliance Practice Group

Direct Telephone No: 973.994.7573
Email: Madams@FoxRothschild.com

February 29, 2024

**VIA CM/ECF**

Honorable Esther Salas, U.S.D.J.
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

  Re: **Jane Doe, et al. v. John Smith**
     **Case No. 2:24-cv-00634-ES-JBC**

Dear Judge Salas:

  Please be advised that I represent a minor, through his parents and legal guardians, who was served with a subpoena seeking documents and deposition testimony by the Plaintiff on March 5, 2024 in connection with the above-referenced matter. I previously wrote to United States Magistrate Judge James B. Clark, III on this matter, but was informed by Magistrate Judge Clark's chambers earlier today via e-mail that my request needed to be directed to Your Honor because it impacted briefing deadlines and a hearing date already set by the Court. My initial correspondence was sent to Magistrate Judge Clark because it was my belief that it concerned a discovery matter and, accordingly, pursuant to Part I(B) of the Court's General Pretrial and Trial Procedures, was properly directed to the assigned Magistrate Judge.

  What follows is substantially identical to the request sent to Magistrate Judge Clark on February 28, 2024 via email at the direction of Magistrate Judge Clark's Courtroom Deputy, both in form and substance, aside from a couple of updates. This correspondence is being filed via the CM/ECF system pursuant to Part I(B) of the Court's General Pretrial and Trial Procedures.

A Pennsylvania Limited Liability Partnership

California Colorado Delaware District of Columbia Florida Georgia Illinois Minnesota Nevada
New Jersey New York North Carolina Pennsylvania South Carolina Texas Virginia Washington

155764897.1



Honorable Esther Salas, U.S.D.J.
United States District Court
District of New Jersey
February 29, 2024
Page 2

    For reasons of confidentiality, given the unique nature of this case, the parties, and participants, I am not disclosing the identity of my client publicly at this time. I have been in touch with counsel for Plaintiff, and counsel is aware of the identity of the minor that I represent. In the absence of an appropriate Protective Order, I respectfully submit that it would be grossly improper for any party or participant in this action, as addressed in further detail in this correspondence, to identify my client in any public filing in such a manner as might possibly reveal his identity or that of his parents and legal guardians. A cursory review of the public docket in this case reveals that the parties have taken significant efforts to protect the identities of the minors involved and that of their parents and legal guardians through sealing orders and the use of pseudonyms. Those protections should also extend to any non-party minor witnesses that have now been brought into this case through Court sanctioned compulsory process.

    Against that background, I write at this time to bring two related matters to the attention of the Court with the hope that the Court can assist in resolving an apparent impasse that flows, at least in part, from Magistrate Judge Clark's February 15, 2024 Letter Order scheduling various deadlines for expedited discovery in this matter. (Dkt. 21).

    Initially, the referenced February 15, 2024 Letter Order permits the Plaintiff, by no later than February 27, 2024, to serve a broad category of deposition notices on non-parties. (*Id.* at ¶ 4). The Court's February 15, 2024 Letter Order furthermore requires that the depositions be completed by March 7, 2024. (*Ibid.*).

    As outlined separately for Plaintiff's counsel in my letter dated February 27, 2024, I am scheduled to appear before the United States Court of Appeals for the Eleventh Circuit in Miami, Florida on March 5, 2024 for oral argument in connection with the appeal of the matter captioned *Wiand v. ATC Brokers, et al.*, before Chief Judge William Pryor, Judge Jill Pryor, and Judge Stanley Marcus. I am thereafter traveling on the west coast on other business for the balance of the week, rendering me unavailable to participate in my client's deposition next week.

    Accordingly, I have requested that Plaintiff's counsel kindly provide available dates and times for the weeks of March 11, 2024 and March 18, 2024 so that I may review those dates against my schedule and that of my client. However, it is apparent that Plaintiff's counsel is limited in his ability to agree to rescheduled dates for my client's deposition because of the tight schedule established in Court's February 15, 2024 Letter Order. Scheduling my client's deposition is further complicated by the fact that he should not be forced to miss school to sit for his deposition, and we must, therefore, schedule his deposition around his scholastic and extracurricular schedules.



Honorable Esther Salas, U.S.D.J.
United States District Court
District of New Jersey
February 29, 2024
Page 3

In light of the foregoing, I respectfully request that the Court modify paragraph 4 of the February 15, 2024 Letter Order to allow for depositions to be completed on or before March 31, 2024. While I am mindful that this will necessitate a corresponding modification to the Court's scheduling order setting the deadlines for additional briefing and a preliminary injunction hearing (Dkt. 24), there is no harm to the Plaintiff resulting from the requested adjustment to the schedule because the status quo is maintained by the Court's apparent entry of a Temporary Restraining Order on or about February 15, 2024. (*See* Dkt. 25-26).

This request for a brief scheduling adjustment is further supported by the need for a Protective Order tailored to the unique nature of this case. I believe that such a Protective Order can be negotiated on consent of all parties, and based upon my initial contact with Plaintiff's counsel there does not appear to be disagreement on this point, but it will take time to negotiate and submit to the Court for entry a properly tailored form of Protective Order that fits the needs of this case, in particular the involvement of numerous minors and the subject matter of the underlying claims. The Court's standard form of discovery confidentiality order that is typically used to protect third-party discovery materials in the ordinary course of a civil matter is simply inadequate for this case and will require substantial modifications. I intend to circulate a proposed draft of such an Order to counsel for both Plaintiff and Defendant shortly.

Critically, a Protective Order in this case must account for the protection of not just the parties, but also the third-party minors that are being brought in as witnesses in this case. All minor witnesses, including my client, should each be referred to by pseudonyms (i.e. Witness 1, 2, etc.) These protections should also extend to the parents and legal guardians of these minors as well (i.e. Parent of Witness 1, 2, etc.). Appropriate protections must be made during the depositions, which have been noticed virtually, to ensure that the rooms are clear of anyone other than counsel and the minors' parents or legal guardians. If such assurances are not available to the satisfaction of counsel given the virtual platform, the depositions must occur in person. Special provisions must also be made for how deposition transcripts can be stored, used, and disseminated. This list is not exhaustive. There are many complexities that must be accounted for in the third-party discovery process of this case.

All of these concerns are well-founded. This case has garnered significant attention. Plaintiff's out of state counsel have clearly undertaken a media tour, proclaiming that the facts of this case are part of an alleged national epidemic of "nonconsensual pornography." It would be reckless for any lawyer to allow their minor client to sit for a deposition without the appropriate protections in place. My concerns for my client are neither novel or off-base. Particularly for a non-party minor, these protections are necessary.



Honorable Esther Salas, U.S.D.J.
United States District Court
District of New Jersey
February 29, 2024
Page 4

    As set forth above, the interests of justice and the need to implement considerable safeguards that protect third-party witnesses in the same manner as the parties have sought and obtained from the Court warrant the requested brief scheduling modification. By letter to Magistrate Judge Clark dated February 29, 2023, Plaintiff's counsel objected to my client's deposition being "pushed out several weeks" and to what counsel characterized as a "non-party witness unilaterally requesting a lengthy extension of the discovery and briefing deadlines this Court already established in its February 14, 2024 [Doc. 24] and February 15, 2024 [Doc. 27] Orders." (Plaintiff's February 28, 2024 Letter to Magistrate Judge Clark at p. 1).

    To be clear, the undersigned in no way, shape, or form seeks to delay this case needlessly or unilaterally. I respectfully come to the Court for a brief adjournment to: (a) accommodate my long-standing business travel plans for the week of March 4, 2024; and (b) so that the necessary and appropriate protections surrounding third-party discovery in the form of a Protective Order can be implemented. I appreciate Plaintiff's counsel's stated willingness to make arrangements to hold my client's deposition virtually on Saturday March 2, 2024 and Saturday March 9, 2023, however I am not available on either of those dates, nor am I confident that the parties can agree upon the necessary and appropriate form of Protective Order by that time. As I said in my initial letter to Plaintiff's counsel on this topic, my client and I are ready, willing, and able to schedule the deposition for a mutually convenient day and time during the weeks of March 11, 2024 or March 18, 2024, provided we can first address the critical issues outlined herein.

    Although I have every confidence that the Protective Order sought, in particular, can be achieved on consent, in the event that Your Honor is not amenable to the requested schedule adjustment that would facilitate same, I would respectfully request leave of Court to file the appropriate motions for a Protective Order governing third-party discovery and/or a Gag Order limiting Plaintiff's counsel's ability to expose the identity of my client and aspects of my client's testimony in this case. Plaintiff's counsel's repeated statements to the media, which have included the grossly improper public dissemination of the Defendant's initials and the identity of the Defendant's parents and legal guardians in publicly filed certifications of service, all while simultaneously cloaking the Plaintiff with a pseudonym, buttress the need for a specifically tailored set of parameters to govern the third-party discovery process in this case.



Honorable Esther Salas, U.S.D.J.
United States District Court
District of New Jersey
February 29, 2024
Page 5

      We thank the Court for its consideration of this matter. If the Court has any questions or feels that a conference among all counsel is warranted, please do not hesitate to have Your Honor's chambers contact the undersigned.

                                               Respectfully submitted,

                                               Matthew S. Adams

MSA/jmr

cc:    Shane B. Vogt, Esq. (svogt@tcb-law.com )
        David A. Hayes, Esq. (dhayes@tcb-law.com)
        Jon-Henry Barr, Esq. (jhbarr@barrgulyas.com)
        John Gulyas, Esq. (jgulyas@barrgulyas.com)
        Christopher D. Adams, Esq. (cadams@greenbaumlaw.com)
        Marjan Moussavian, Esq. (mmoussavian@greenbaumlaw.com)

155764897.1