

100 N. Tampa St.
Suite 1900
Tampa, FL, 33602

Tel: 813.834.9191
Direct: 813.868.6650
svogt@tcb-law.com

February 29, 2024

**VIA CM/ECF**
Honorable Esther Salas
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

    *Re:*    *Jane Doe v. John Smith;*
           *Case No. 2:24-cv-00634*

Dear Judge Salas:

    On behalf of Jane Doe, I write in response to Mr. Matthew S. Adams, Esq.'s letter dated February 29, 2024 [Doc. 31]. What follows is substantially identical to the letter we sent to Magistrate Judge Clark last night in response to Mr. Adam's February 28, 2024 email.

    Mr. Adams' client (who will remain unnamed) is one of the individuals with whom the Defendant is believed to have shared nude image(s) of Jane Doe. His testimony in this case is important. His deposition, which was originally set for March 5, 2024, should not be pushed out several weeks, particularly if Mr. Adam's client intendeds to invoke his Fifth Amendment rights. Jane Doe also objects to a non-party witness unilaterally requesting a lengthy extension of the discovery and briefing deadlines this Court already established in its February 14, 2024 [Doc. 24] and February 15, 2024 [Doc. 27] Orders.

    On February 27, 2024, the undersigned immediately agreed to accommodate Mr. Adams's scheduling conflict with the March 5, 2024 deposition date and offered several alternative dates for the deposition, including (among others) March 1, 2024 at 3:00 p.m. and Saturday March 9, 2024—both of which accommodated Mr. Adam's client's school schedule. [Indeed, all the depositions currently scheduled accommodate for school attendance]. Mr. Adams never responded to that offer.

    The undersigned remains ready, willing, and able to take Mr. Adams' client's deposition on Saturday, March 2, 2024 or on Saturday, March 9, 2024.

    Alternatively, the undersigned also offered to conduct the deposition on the mornings of March 4, 6, or 7—which would require Mr. Adam's client to miss school. However, given the gravity of what is at issue in this case, an excused absence to attend a deposition does not seem unreasonable if Mr. Adam's client is unable or unwilling to appear on Saturday March 2nd or Saturday March 9th.

Honorable Esther Salas, U.S.D.J.
Page 2
February 29, 2024

___

Jane Doe disagrees with the contention that there is no prejudice caused by delaying depositions and discovery. Among other harms, Jane Doe continues to suffer injury every day she is prevented from learning the identity of everyone who saw nude images of her, everyone who has possession of those images, and everyone to whom those images may have been disseminated or disclosed.

Jane Doe will also be prejudiced if Mr. Adams' client obtains a lengthy delay only to invoke his Fifth Amendment rights when his day to testify eventually comes. The Defendant in this case recently invoked his Fifth Amendment rights in refusing to respond to the Interrogatories and Requests for Production Jane Doe served on February 20, 2024. If Mr. Adam's client also intends to invoke the Fifth Amendment and refuse to answer deposition questions and/or produce documents Jane Doe subpoenaed, pushing off the deposition serves no purpose and unfairly delays Jane Doe's ability to file motions seeking to compel testimony and/or production of documents and motions seeking to impose negative inferences in support of her request for a preliminary injunction and her affirmative claims for relief in this case.

If the Court is inclined to extend any deadlines in this case, Jane Doe respectfully requests that the Court hold a telephonic hearing before doing so. However, Jane Doe believes an extension is not necessary or appropriate and that Mr. Adam's client should be required to appear for the taking of the deposition and to produce the documents subpoenaed by Jane Doe on one of the dates provided above.

Jane Doe has no objection to the confidentiality protections Mr. Adams requested on behalf of his minor client, nor to the entry of a standard confidentiality order governing discovery in this case.

Thank you for Your Honor's consideration of this matter.

Sincerely,

TURKEL CUVA BARRIOS, P.A.

Shane B. Vogt

cc: Matthew S. Adams, Esq. [Madams@foxrothschild.com]
Christopher Adams, Esq.[cadams@greenbaumlaw.com]
Marjan Moussavian [mmoussavian@greenbaumlaw.com]
John Gulyas, Esq.
David Hayes, Esq.