**HOAGLAND LONGO MORAN, DUNST & DOUKAS, LLP**
ATTORNEYS at LAW

40 Paterson Street
P.O. Box 480
New Brunswick, NJ 08901
Tel: (732) 545-4717  Fax: (732) 545-4579
www.hoaglandlongo.com

William G. McGuinn
Partner
wmcguinn@hoaglandlongo.com

March 11, 2024

VIA ELECTRONIC FILING

Honorable Esther Salas
United States District Judge for the District of New Jersey
United States District Court, DNJ
M.L.K. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

      **Re:**    **Jane Doe v. John Smith**
                **Case No. 2:24-cv-634-ES-JCB**

Dear Judge Salas:

      Please be advised that I represent a minor subpoenaed to be deposed by plaintiff in connection with the above captioned action. I write to the Court to respectfully request that a Protective Order be entered governing the deposition of my client. **I make this request on an emergent basis as my client's deposition is currently scheduled to take place at 5:00 p.m. today**. I have included a proposed Order for Your Honor's consideration.

      By way of background, my client's mother was personally served with a subpoena on March 7, 2024 commanding my client to appear for a deposition on March 15, 2024. I was retained by the family on March 8, 2024. I immediately wrote to counsel for the plaintiff advising that both my client and I were not available on March 15, 2024 and requested alternative dates be provided. In response, counsel proposed March 14, 2024 or March 11, 2024 at 5:00 p.m. As I am traveling March 14, 2024 – March 17, 2024, I inquired if counsel had availability on March 12, 2024 or March 13, 2024. I was advised that counsel was not available on those dates as he had depositions in another case and this case. Recognizing Your Honor's previous Orders requiring depositions of non-party witnesses to be completed by March 15, 2024, I agreed to cancel my plans and forego attending an event the evening of March 11, 2024. Accordingly, my client is scheduled to be deposed this evening at 5:00 p.m.

      In light of the involvement of minors and the sensitive nature of this action, I suspected a Protective Order had been entered addressing the confidentially and identities of all individuals. Thereafter, I learned that an Order had been entered protecting only the identities of plaintiff, defendant, their parents and their family members. Said Order allows these individuals to proceed in this action under pseudonyms. On March 9, 2024, I wrote to counsel for plaintiff inquiring if he would agree to extend the same protections to my client and my client's family members. In response, counsel advised he would identify my client and my client's parents by their initials in anything that is publicly filed. On March 10, 2024, I wrote to counsel for plaintiff requesting we agree to enter into a Protective Order by consent. Counsel responded, indicating that he would <u>not</u> agree to anything other than referring to my client, my client's parents and any immediate family members by their initials in any public court filings. Counsel further asserted that my client is not legally entitled to any other protections.

   Given counsel's position and the urgency in which these issues must be addressed, I respectfully request the enclosed Protective Order be entered by the Court. While I was hopeful the protections addressed within could be achieved on consent, it is apparent Court intervention is necessary. I submit that Counsel's willingness to abide by the requirements of Rule 5.2(a)(3) is not enough. As Your Honor is aware, this case has garnered significant media attention. The incident that forms the basis of this action occurred in a small town. Referring to my client and my client's family members by their initials does nothing to protect their identities. They will be easily identified by members of the public by using just their initials. I am simply asking that my client and my client's family be referred to by pseudonyms in any pleadings or other papers filed with the Court. These are the exact protections that were extended to plaintiff, defendant and their family members. There is simply no legitimate reason why these protections should not extend to my client, a non-party minor. It should be noted I am <u>not</u> requesting that my client, my client's parents, my client's family members or any other individual be referred to by pseudonyms during my client's deposition. In fact, the Protective Order I have submitted for Your Honor's consideration specifically sets forth that these individuals may be referred to by their legal names during my client's deposition. Thus, the entering of this Protective Order will in no way impede counsel's ability to question my client. The Order serves only to protect the identities of my client and my client's family members through the use of pseudonyms in the transcripts of my client's deposition and in any materials filed with the Court.

   As previously indicated, my client and I are ready, willing and able to appear for my client's deposition today at 5:00 p.m. I have no intentions of adjourning or delaying this proceeding so long as the appropriate protections are in place. However, I cannot allow my client to be deposed without safeguarding my client's identity. I have a duty to protect my client and I respectfully disagree with counsel's assertion that my client is not legally entitled to any other protections beyond those provided for in Rule 5.2(a)(3). Given the time-constraints involved, there is no time to fully brief these issues. Should Your Honor require a more formal submission, I will be happy to comply. However, this will require the cancelation of my client's deposition later today. Therefore, I respectfully request that Your Honor sign the enclosed Protective Order which applies only to the deposition of my client.

   I think the Court for its attention to this matter.

               Respectfully submitted,

               */s/ William McGuinn*

               WILLIAM G. MCGUINN

cc: Shane B. Vogt, Esq. [svogt@tcb-law.com]
   John Gulyas, Esq. [jgulyas@barrgulyas.com]
   Christopher D. Adams, Esq. [cadams@greenbaumlaw.com]