

100 N. Tampa St.  
Suite 1900  
Tampa, FL, 33602

Tel: 813.834.9191  
Direct: 813.868.6650  
svogt@tcb-law.com

March 11, 2024

**VIA CM/ECF**
Honorable Esther Salas
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

      *Re:    Jane Doe v. John Smith; Case No. 2:24-cv-00634;*

Dear Judge Salas:

      I represent Jane Doe in the above-referenced action and am writing in response to a letter motion filed by William McGinn [Doc. 39] and proposed Protective Order [Doc. 39-1] related to a deposition scheduled for today at 5:00, which I saw for the first time when Mr. McGinn filed his motion at 1:21 p.m..

      **Paragraph 2 of Mr. McGinn's proposed order authorizes the disclosure of Jane Doe's identity and the identity of her parents to non-party witnesses in this case who are not bound by Your Honor's February 14, 2024 TRO requiring Jane Does' identity and her parent's identity to be maintained confidential**. There is absolutely no reason for this provision, nor for my client's identity or the identities of her parents to be disclosed to non-parties in any deposition.

      The attempt to include this provision in the protective order is also troubling because a false[1] article about this lawsuit was published in the WHS school newspaper on Friday, March 8, 2024 (copy below).

      On the issue of anonymity for non-party witnesses, I had actually been working with counsel for all of the non-party witnesses scheduled for deposition on a proposed protective order, and even drafted and circulated one myself last week providing for protections for the identities of non-party minor witnesses and their parents. I also entered into an agreement with counsel for the first non-party witnesses deposed in this case last Thursday (March 7, 2024) to protect that non-party witness's identity on terms like those in the proposed protective order I circulated. I did this despite some questionable litigation tactics being employed, including one lawyer telling me "we are not going to make this easy for you."

---

[1] Among other things, this article falsely states that Jane Doe is suing the Defendant's parents and the Westfield Police Department and seeking damages from Defendant's parents. We have serious concerns about the impact this article may have on non-party witnesses and their willingness to testify in this action.

The Honorable Esther Salas
Page 2
March 11, 2024

_____

Unfortunately, my clients' and my willingness to accommodate requests made by the Defendant and counsel for other non-party witnesses for their clients to proceed under pseudonyms had unintended consequences and was used to my client's detriment at the March 7, 2024 non-party witness deposition. Specifically, Defendant's counsel refused to allow me to confirm with the witness—even off the record—that the witness understood who "John Smith" was, so that the witness would know to whom I was referring when asking questions about "John Smith."

I understand and fully appreciate the need to protect minors. Until the deposition last Thursday, my clients and I were agreeable to anonymity protections for the Defendant and non-party witnesses being deposed in this case, even though the law likely does not allow[2] for anyone other than Jane Doe to proceed under a pseudonym. Jane Doe is the only victim here.

Moreover, it does not appear the remaining non-party witnesses being deposed this week will be providing any actual testimony at their depositions. Most if not all the non-party witnesses will be invoking their Fifth Amendment rights. This means they want to remain anonymous solely for purposes of invoking the Fifth Amendment—not because they are providing any testimony or documents relevant to this case. That seems unfair and unreasonable, particularly in a case in which a nude image(s) of Jane Doe was created and circulated without her knowledge or consent. That unfairness is even harder to explain to my clients when Defendant is deposing Jane Doe this Saturday, and it appears she will be the only person who actually testifies about what happened in this case.

Of course, my clients and I will abide by whatever protections the Court deems appropriate for the non-party depositions scheduled to take place this evening and the rest of this week. However, we respectfully request that if the Court deems it appropriate to allow non-party witnesses to proceed under pseudonyms that any Order entered specifically provide that Jane Doe's identity and the identity of her parents and family members not be disclosed to any non-party witnesses during their depositions.

Thank you for Your Honor's consideration of this matter.

Sincerely,

TURKEL CUVA BARRIOS, P.A.

Shane B. Vogt

---

[2] Rule 5.2(a)(3) provides for minors to be identified by their initials.

The Honorable Esther Salas
Page 3
March 11, 2024

_____

cc:      Christopher Adams, Esq. [cadams@greenbaumlaw.com]
           William McGinn, Esq.[wmcguinn@hoaglandlongo.com
           Marjan Moussavian [mmoussavian@greenbaumlaw.com]
           John Gulyas, Esq.

The Honorable Esther Salas
Page 4
March 11, 2024

---

# Lawsuit faults the aftermath of the deepfake incident at WHS

by Elizabeth Faragi

In February, a lawsuit was filed regarding the AI deepfake incident that occurred at WHS in October. The lawsuit criticizes how the Westfield Police Department handled the incident and the suit was filed against both the perpetrator, his parents and the WPD.

While the lawsuit is seeking monetary compensation from both the perpetrator and the perpetrator's parents, a major factor is that government institutions failed to protect the girls from being "violated and exploited."

The lawsuit primarily faults the approach used by government officials in handling the incident. On Jan. 24, police told victims that no charges could be pressed at the time because "the facts gathered by [the plaintiff's] school could not be used to support the investigation and because the Defendant and other potential witnesses failed to cooperate with, speak to or provide access to their electronic devices to law enforcement," according to *tapinto.net*.

The complaint criticizes the WPD for not pressing charges, however Police Chief Christopher Battiloro explained, "In order to bring any criminal investigation to fruition, we must always have the cooperation and participation of those involved — from victims to witnesses."

In addition, the complaint criticizes the fact that no action was taken to ensure that no further distribution of the photos occurred.

The complaint states, "In addition to no charges being pursued, law enforcement never determined the extent of the nude photos' dissemination, never ensured that no further dissemination occurred and never ensured the nude photos had been deleted and were no longer accessible."

"I feel like there are so many legal avenues the police could have taken to prosecute [the perpetrator], but they did absolutely nothing," said WHS senior Annie Barker. "I hope that the lawsuit encourages other law enforcement jurisdictions and schools to protect their young women and men much better than we have."