Christopher D. Adams
Marjan Moussavian
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 848-5333
Fax: (973) 769-3737
cadams@mccarter.com
mmoussavian@mccarter.com

*Attorneys for John Smith*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE, a minor, through her parents and legal guardians, JANE ROE and JOHN ROE,<br><br>　　Plaintiff,<br><br>v.<br><br>JOHN SMITH, a minor, through his parent(s) and legal guardian(s),<br><br>　　Defendant. | Civil Action No.: 2:24-cv-0634<br><br>Hon. Esther Salas, U.S.D.J.<br>Hon. James B. Clark, III, U.S.M.J. |

**JOHN SMITH'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO QUASH PLAINTIFF'S SUBPOENAS TO WESTFIELD HIGH SCHOOL, WESTFIELD PUBLIC SCHOOLS, AND WESTFIELD POLICE DEPARTMENT**

# TABLE OF CONTENTS

BACKGROUND ................................................................................................ 1

ARGUMENT ..................................................................................................... 4

    I.    Legal Standard................................................................................. 4

    II.    The Subpoenas Should Be Quashed as Premature ........................ 5

    III.    The Subpoenas Should be Quashed Because they Seek Hearsay .................. 5

    IV.    The Subpoenas Should be Quashed because They Seek Inadmissible Juvenile Statements ........................................................................ 6

    V.    The Subpoenas Seek Irrelevant Documents .................................. 7

CONCLUSION ................................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Conforti v. St. Joseph's Healthcare Sys., Inc.*,
   2019 WL 3847994 (D.N.J. Aug. 15, 2019) ..........................................................4

*Legends Management Co. v. Affiliated Ins. Co.*,
   2017 WL 3605316 (D.N.J. Aug. 22, 2017) ..........................................................5

*Miranda v. Arizona*,
   384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966) ...................................6, 7

*U.S. v. Pellulo*,
   964 F.2d 193 (3d Cir. 1992) .................................................................................6

**State Cases**

*State v. Biancamano*,
   284 N.J. Super. 654, 666 A.2d 199 (App. Div. 1995), *overruled on other grounds*, S*tate v. Dalziel*, 182 N.J. 494, 867 A.2d 1167 (2005)...................................................................................................................7

*State v. Hodge*,
   426 N.J. Super. 321, 44 A.3d 615 (App. Div. 2012)............................................7

**Rules**

Fed. R. Evid. 801(c) ................................................................................................6

Fed. R. Evid. 802 ....................................................................................................6

Federal Rule of Civil Procedure 45 ........................................................................4

Rule 26(b).................................................................................................................4

Defendant John Smith respectfully submits this Memorandum of Law in Support of his Motion to Quash the August 22, 2024 Subpoenas Served on Westfield High School, Westfield Pubic Schools and Westfield Police Department by Plaintiff Jane Doe (collectively, the "Subpoenas").

## BACKGROUND

On August 22, 2024, Plaintiff served three separate subpoenas: one to Westfield High School, one to Westfield Public Schools, and one to Westfield Police Department. Though phrased differently, each Subpoena essentially seeks information related to the three entities' investigations into Plaintiff's allegations. Specifically, the Westfield Public Schools Subpoena seeks the following categories of documents:

> 1. All documents, materials, and records created or obtained in connection with HIB Case No 253833_WHS_10252023.
>
> 2. All notes, recorded interviews, written or recorded statements, and similar documents, materials, and records related to HIB Case No 253833_WHS_10252023.
>
> 3. All images, photos, pictures, electronically stored information, and similar materials obtained in connection with HIB Case No 253833_WHS_10252023.
>
> 4. All correspondence, emails, memos, and similar written communications related to related to [sic] HIB Case No 253833_WHS_10252023.
>
> 5. All documents, materials, and records identifying any Westfield High School student(s) who obtained, disclosed, shared, and/or disseminated any pornographic

1

> or nude images of Westfield High School Students that were created using artificial intelligence, on or around October 20, 2023.
>
> 6. Westfield Public Schools's entire file, excluding attorney-client communications or attorney work product, related to HIB Case No 253833_WHS_10252023.

Adams Cert., Exhibit A.

The Westfield High School Subpoena seeks the following categories of documents:

> 1. All documents, materials, and records created or obtained in connection with or related to any investigation conducted by Westfield High School on or about October 20, 2023, involving pornographic or nude images of Westfield High School Students created using artificial intelligence . . .
>
> 2. All notes, recorded interview, written or recorded statements, and similar documents, materials, and records related to any investigation conducted by Westfield High School on or about October 20, 2023, involving pornographic or nude images of Westfield High School Students created using artificial intelligence . . .
>
> 3. All images, photos, pictures, electronically stored information, and similar materials obtained during, in connection with, and/or as a result of any investigation conducted by Westfield High School on or about October 20, 2023 involving pornographic or nude images of Westfield High School Students created using artificial intelligence . . .
>
> 4. All correspondence, emails, memos, and similar written communications related to any investigation conducted by Westfield High School on or about October 20, 2023, involving pornographic or nude images of Westfield High School Students created using aritical intelligence . . .
>
> 5. All documents, materials, and records identifying any Westfield High School student(s) who obtained,

2

>> disclosed, shared, and/or disseminated any pornographic or nude images of Westfield High School Students that were created using artificial intelligence, on or around October 20, 2023.

Adams Cert., Exhibit B.

And the Westfield Police Department Subpoena seeks:

> 1. Westfield Police Department's entire file related to Case # 23-47062.
>
> 2. All documents and records associated with any investigation conducted by the Westfield Police Department related to the possession, disclosure, sharing, and/or dissemination of any pornographic or nude images of Westfield High School Students that were created using artificial intelligence, on or around October 20, 2023.
>
> 3. All notes, recorded interviews, written or recorded statements, and similar documents, materials, and records related to any investigation conducted by the Westfield Police Department related to the possession, disclosure, sharing, and/or dissemination of any pornographic or nude images of Westfield High School Students that were created using artificial intelligence, on or around October 20, 2023.
>
> 4. All images, photos, pictures, electronically stored information, and similar materials obtained during or as a result of any investigation conducted by the Westfield Police Department related to the possession, disclosure, sharing, and/or dissemination of any pornographic or nude images of Westfield High School Students that were created using artificial intelligence, on or around October 20, 2023.
>
> 5. All correspondence, emails, memos and similar written communications related to any investigation conducted by the Westfield Police Department related to the possession, disclosure, sharing, and/or dissemination of any pornographic or nude images of Westfield High

> School Students that were created using artificial intelligence, on or around October 20, 2023.

Adams Cert., Exhibit C.

At their core, these Subpoenas seek irrelevant information, inadmissible hearsay, and documents and reports for investigations which are not yet complete. Not only is the information sought irrelevant and inadmissible, but compliance with the Subpoenas would compromise ongoing investigations into this matter. Accordingly, Smith respectfully requests the Court quash the Subpoenas.

## ARGUMENT

**I.     Legal Standard**

Discovery sought via subpoena issued pursuant to Federal Rule of Civil Procedure 45 must fall within the scope of discovery permissible under Rule 26(b). *Conforti v. St. Joseph's Healthcare Sys., Inc.*, 2019 WL 3847994, at *2 (D.N.J. Aug. 15, 2019) (quoting *Gov't Emps. Ins. Co. v. Trnovski*, 2018 WL 5281424, at *2 (D.N.J. Oct. 23, 2018)). Rule 26(b) permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "Generally, courts afford greater protection to non-parties in discovery, and nonparty subpoenas must meet a higher standard of relevance than subpoenas directed toward parties." *Id.*

## II. The Subpoenas Should Be Quashed as Premature

All three Subpoenas seek documents related to the target entities' investigations into these matters. These Subpoenas are premature because the investigations are still ongoing. Compliance with the Subpoenas would require the disclosure of incomplete and unreliable information. Moreover, compliance with the Subpoenas would unnecessarily compromise these investigations. A subpoena for documents concerning an ongoing investigation has the potential to "taint or prejudice" that investigation. *Legends Management Co. v. Affiliated Ins. Co.*, 2017 WL 3605316, at *8 (D.N.J. Aug. 22, 2017) (quoting *Parkway Ins. Co. v. Hernandez*, 1999 WL 33944690, at *1 (D.N.J. Apr. 15, 1999)). Not only do the Subpoenas require the disclosure of incomplete and inaccurate information, they would also compromise the ongoing investigations. Smith has a legitimate interest in seeing that these investigations are carried out fairly and without any undue interference from the parties to this litigation. Accordingly, this Court should quash the subpoenas as premature in order to preserve the legitimacy of the ongoing investigations into this matter.

## III. The Subpoenas Should be Quashed Because they Seek Hearsay

Finally, the Title IX investigation conducted by Westfield Public Schools contains extensive hearsay. The investigation involved interviewing high school students to determine what they knew about the alleged incident. Those interviews constitute inadmissible hearsay. Hearsay is defined as a "statement that: (1) the

5

declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).  Hearsay is not admissible in court unless otherwise provided by a federal statute or the rules of evidence.  Fed. R. Evid. 802.  And the rule against hearsay would extend to any summaries of those interviews prepared by Westfield Public Schools.  *See U.S. v. Pellulo*, 964 F.2d 193, 204–05 (3d Cir. 1992) (ruling that summaries based on hearsay gathered through interviews were inadmissible). And the fact that the interviewees were minors outside the presence of their parents only compounds the unreliability of the information sought through the Subpoenas.

The Subpoenas therefore seek inadmissible hearsay which is completely unreliable will not result in the discovery of admissible evidence.  Accordingly, the Subpoenas should be quashed.

**IV.   The Subpoenas Should be Quashed because They Seek Inadmissible Juvenile Statements**

The Subpoenas, especially the subpoenas to Westfield Public Schools and the Westfield High School, should be quashed because they seek statements that were improperly obtained by school officials acting as proxies for law enforcement officials. The Subpoenas collectively seek information, including statements of minors that were taken without parental consent, without a parent present and without *Miranda* warnings,[1] from ongoing investigations that arose at the same time

---

[1] *See Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966)

6

and were occurring in conjunction with each other. School officials and law enforcement were working hand-in-hand due to community pressure, the sensational nature of the allegations, and intense media scrutiny.

Generally, in New Jersey, it has been a long-standing rule that "[w]henever possible . . . no child should be interviewed except in the presence of his parents or guardian." *State v. Hodge*, 426 N.J. Super. 321, 328, 44 A.3d 615 (App. Div. 2012) (quoting *In re Carlo*, 48 N.J. 224, 241, 225 A.2d 110 (1966)). Further, an obligation to administer a *Miranda* warning applies whenever anyone, including school officials, is acting in conjunction with law enforcement officers as their agents. *State v. Biancamano*, 284 N.J. Super. 654, 663, 666 A.2d 199 (App. Div. 1995), *overruled on other grounds*, S*tate v. Dalziel*, 182 N.J. 494, 867 A.2d 1167 (2005).

Because the school officials and law enforcement were working hand-in-hand in their investigation and improperly sought statements depriving minors of their constitutional rights and any protections, the statements will be considered inadmissible. Therefore, these Subpoenas should be quashed.

## V. The Subpoenas Seek Irrelevant Documents

The Subpoenas, particularly the Westfield Public Schools and the Westfield High School Subpoenas, should be quashed because they seek information and documents that are completely irrelevant to the issues involved in this case. The Westfield High School and Public Schools Subpoenas seek information and documents regarding any investigations the target entities have made in connection

7

with the alleged incident. The alleged conduct Plaintiff complains of purportedly took place in August 2023. Not only did the alleged conduct not take place during the school year, but it was completely unrelated to school or schoolwork. Accordingly, any investigation that Westfield High School or Westfield Public Schools may have conducted regarding Plaintiff's allegations are completely irrelevant and inadmissible in this case.

## CONCLUSION

Because the Subpoenas seek inadmissible and irrelevant information and could severely prejudice the ongoing investigations in this matter, this Court should quash the Subpoenas.

Dated: November 22, 2024              */s/ Christopher Adams*
                                       Christopher D. Adams
                                       Marjan Moussavian
                                       **McCARTER & ENGLISH, LLP**
                                       Four Gateway Center
                                       100 Mulberry St.
                                       Newark, NJ 07102
                                       cadams@mccarter.com
                                       mmoussavian@mccarter.com
                                       Telephone: 973.848.5333