UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE, a minor, through her parents and legal guardians, JANE ROE and JOHN ROE, <br><br> Plaintiff, <br><br> v. <br><br> JOHN SMITH, a minor, by and through his parent(s) and legal guardian(s), JOE SMITH. and JANE SMITH, <br><br> Defendant. | Case No. 2:24-cv-00634-ES-JBC |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL
DISCOVERY AND DEPOSITIONS

This action arises from Defendant, John Smith's, use of an artificial intelligence application or program to create nonconsensual nude images of minor Plaintiff, Jane Doe, and the dissemination of those images amongst a group of his friends and classmates at Westfield High School. Non-Parties, M.A., K.W., T.B., R.S., W.M., and F.P, are believed to have knowledge of the creation and dissemination of these images, and *some* of them to have been participants in group chats in which they were shared. Defendant, John Smith, and Non-Parties, M.A., K.W., T.B., R.S., W.M., and F.P, all invoked their Fifth Amendment rights in this case and thereupon refused to provide testimony and written discovery sought by Jane Doe.

1

For reasons explained herein, Jane Doe believes some of the Non-Parties do not have sufficient grounds to claim the protections of the Fifth Amendment at all. Defendant and/or Non-Parties may also have waived Fifth Amendment rights they have asserted. Regardless, Plaintiff should be entitled to obtain documents, materials, and electronically stored information from Defendant, John Smith, and Non-Parties, M.A., K.W., T.B., R.S., W.M., and F.P., based on the foregone conclusion exception to the Fifth Amendment. Thus, Jane Doe respectfully requests that the Court:

1. Determine whether Non-Parties, M.A., K.W., T.B., R.S., W.M., and F.P., are entitled to claim the protection of the Fifth Amendment;

2. Determine whether Defendant, John Smith, and Non-Parties, M.A., K.W., T.B., R.S., W.M., and F.P., waived any rights to refuse to testify under the Fifth Amendment;

3. Upon determining that any of the Non-Parties are not protected by the Fifth Amendment or that Defendant and/or any of the Non-Parties waived any rights under the Fifth Amendment, compel them to testify;

4. Determine whether the invocation of the Fifth Amendment by Defendant, John Smith, and/or Non-Parties, M.A., K.W., T.B., R.S., W.M., and F.P., is overcome by the foregone conclusion exception; and

5. Upon determining that the Fifth Amendment is overcome by the foregone conclusion exception, compel Defendant, John Smith, and/or Non-Parties, M.A., K.W., T.B., R.S., W.M., and F.P., to produce documents, materials, and electronically stored information sought by Jane Doe.

## I. Overview of the Facts and Case

This action arises from Defendant's use of an artificial intelligence application or program to create and disseminate nonconsensual nude images of Jane Doe, a minor. Defendant uploaded clothed photos of Jane Doe and several other minor girls that he obtained from their *Instagram* accounts to an artificial intelligence application

known as "ClothesOff" [clothoff.io] to "undress" and generate nude images of these girls in which their faces appear and are fully identifiable and their bodies are displayed fully nude, with breasts, genitals, and/or pubic areas exposed (the "**Nude Photos**"). These Nude Photos are virtually indistinguishable from real, unaltered photos because ClothesOff used the girls' actual faces and actual bodies to "undress" and generate the nude images of them based off their physical features in the photos or images Defendant uploaded. Defendant shared these Nude Photos with friends and classmates at Westfield High School through *Snapchat* and possibly other means. Non-Parties, M.A., K.W., T.B., R.S., W.M., and F.P., were participants in *Snapchat* groups with Defendant during the relevant time periods; in one of which the Nude Photos are believed to have been shared [*see* Doc. 46 Confidential Ex. 5-7].[1]

On October 20, 2023, Westfield High School ("**WHS**") learned that the Nude Photos were circulating amongst students and conducted a preliminary investigation that included questioning several students believed to be involved (the "**WHS Investigation**"). WHS subsequently conducted and completed a Harassment Intimidation and Bullying ("HIB") investigation, including interviews of several students, staff members and Non-Parties (the "**HIB Investigation**"). After the HIB Investigation, a Title IX factual investigation was conducted and concluded on

---

[1] Defendant and several of the Non-Parties also communicated through *Snapchat* after this lawsuit was filed, including the day before the temporary restraining order hearing held in this case on February 14, 2024, and immediately thereafter [*see* Doc.; 46 Confidential Ex. 6-7].

3

November 25, 2024 (the "**Title IX Investigation**").

During these school investigations, the Defendant and Non-Parties made statements concerning their involvement (or lack thereof) in and knowledge of the creation and dissemination of the Nude Photos. During the HIB investigation, the *Defendant and his parents* participated in a meeting with WHS staff, during which Defendant admitted to creating the Nude Photos and sharing them with several classmates (identified as "Student 1, Student 2, Student 6, and Respondent 2"). *See* Doc. 73 CONFIDENTIAL Ex. 3 at pp. 7, 11. Respondent 2, Student 1, Student 2, Student 6 are believed to be among the Non-Parties and to have also spoken with school staff and officials during the preliminary WHS Investigation on October 20, 2023 and HIB Investigation. "Respondent 2"stated that he saw the images on *Snapchat* and identified other students who were involved. *See* Doc. 73 CONFIDENTIAL Ex. 3 at pp. 7, 11. "Student 2" was also interviewed by WHS staff on October 20, 2023 and confirmed seeing the Nude Photos. *Id.* at p. 8. Students 1 and 6 also confirmed facts surrounding the creation and dissemination of the Nude Photos, including through *Snapchat*. Id. at pp. 8-9.

The Title IX Investigative Report [Doc. 73 CONFIDENTIAL Ex. 3] indicates that the Westfield Police Department was not involved in interviewing students as part of the WHS Investigation or HIB Investigation and that during the Title IX process the Westfield Police Department could not share anything with WHS regarding the police investigation. *See* Doc. 73 CONFIDENTIAL Ex. 3 at pp. 14, 16.

Independently from WHS, the Westfield Police Department conducted its own investigation of the Nude Photos. As set forth in the First Amended Verified Complaint [Doc. 7 at ¶ 36], on January 24, 2024, Westfield PD informed Jane Doe's parents that charges could not pursued at that time because the facts gathered by Jane Doe's school could not be used to support the investigation and that John Smith and others with whom he is believed to have shared the Nude Photos failed to cooperate with, speak to, or provide access to their electronic devices to law enforcement. Consequently, in addition to no charges being pursued, law enforcement never determined the extent of the Nude Photos' dissemination, never ensured that no further dissemination occurred, and never ensured the Nude Photos had been secured and deleted and were no longer accessible. *Id.*

## II.   Plaintiff's Discovery & Depositions

Jane Doe's efforts to obtain testimony and documents from Defendant and the Non-Parties have been prevented by their invocation of the Fifth Amendment:

- <u>Written Discovery to Defendant</u>: Defendant objected to and refused to provide information and documents in response to Jane Doe's written discovery based on the Fifth Amendment [*see* Doc 46. Confidential Ex. 3-4];

- <u>Defendant's Deposition</u>: Defendant refused to answer virtually every question at his deposition on March 4, 2024 based on the Fifth Amendment [*see* Doc. 46 at Confidential Ex. 1]. Defendant answered a few preliminary questions concerning his communications with others about his deposition

and this lawsuit [*Id.* at p. 7], but then refused to answer all the remaining questions posed at this deposition. Defendant's refusal to answer was very broad, including topics such as where he attends school and similar general background information [*Id.* at pp. 8-10]. Defendant refused to answer all questions about the underlying facts of this case, such as his use of ClothesOff [*id.* at 12:22-13:1; 37:19-38:8; 39:9-25; 41:41-43:18], his creation and dissemination of any nude image(s) of Jane Doe [*id.* at 32:17-33:11; 34:4-35:13; 61:17-64:17], whether he still possesses images of Jane Doe and Snapchat messages in which they may have been circulated [*id.* at 23:18-23; 45:2-12; 58:6-60:24; 73:4-17], as well as whether he deleted such images [*id.* at 22:5-10; 35:15-36:12; 38:9-39:7; 61:1-15].

- **Non-Party Subpoenas for Documents**: Jane Doe served Subpoenas on Non-Parties, M.A., K.W., T.B., R.S., W.M., and F.P., directing them to appear for their depositions and produce documents, materials, and electronically stored information. *See* **CONFIDENTIAL COMPOSITE EXHIBIT 1**. Non-Parties, M.A., K.W., T.B., R.S., W.M., and F.P., all failed to produce any of the materials Jane Doe subpoenaed at their depositions based on the Fifth Amendment. *See* **CONFIDENTIAL EXHIBITS 2-7**. The documents, materials, and ESI Jane Doe requested included relevant images, communications, social media data, and similar materials directly related to the creation and distribution of the Nude Photos.

- **Non-Party Depositions**: Jane Doe deposed Non-Parties, M.A., K.W., T.B., R.S., W.M., and F.P., but they all invoked their Fifth Amendment rights and refused to testify. See **CONFIDENTIAL EXHIBITS 2-7**. Their refusals to testify were blanket assertions of the Fifth Amendment, including in response to general background information as well as all of Jane Doe's questions about the underlying facts of this case.

### III. LEGAL ARGUMENT

#### A. General Standards

"It is well recognized that the federal rules allow broad and liberal discovery." *Pacini v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999); *Aetrex Worldwide, Inc. v. Burten Distribution, Inc.*, No. CIV.A. 13-1140 SRC, 2014 WL 7073466, at *5 (D.N.J. Dec. 15, 2014) ("discovery is broad and Rule 26 favors disclosure"). "Rule 26(b) makes clear that discoverability and admissibility are distinct concepts, and a party may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense." *Trask v. Olin Corp.*, 298 F.R.D. 244, 265 (W.D. Pa. 2014); *Buckhead Meat Co.*, 2022 WL 16708988, at *2. "Relevancy is defined as 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case[.]'" *Eisai Co. v. Teva Pharms. USA, Inc.*, 2009 WL 4666937 (D.N.J. Dec. 8, 2009) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Gov't Employees Ins. Co.*, 2018 WL 5281424, at *3. "Any discovery sought by way of a Rule 45 subpoena must fall within the scope of discovery allowed by Rule 26." *Gov't Employees Ins. Co. v.*

*Trnovski*, No. CV 16-4662 (CCC), 2018 WL 5281424, at *3 (D.N.J. Oct. 23, 2018).

Under Rule 37, a party may move to compel another party and non-parties to provide written discovery responses, produce documents, and to testify at depositions. *See* Fed.R.Civ.P. 37(a)(3). Under Rule 45(d)(2)(B)(i), the party serving a subpoena can more for an order compelling production or inspection. Rule 45(d) also requires non-parties to file timely objections to commands to produce documents and materials or to seek to quash or modify a subpoena.

### B. The Fifth Amendment does not apply or has been waived

Defendant, John Smith, and some of the Non-Parties *may* have a basis to have initially invoked their Fifth Amendment rights in refusing to testify, but several of the other Non-Parties do not. Based on statements made during the WHS Investigation and HIB investigation and records obtained from *Snapchat*, it appears that there were five (5) participants (John Smith, Respondent 2, Student 1, Student 2, and Student 6) in the *Snapchat* group in which Nude Photos are believed to have been shared. *See* Doc. 73 Confidential Ex. 3 at pp. 7, 11; Doc. 46 Confidential Ex. 6-7. This means that at least two of the six Non-Parties, M.A., R.S., K.W., T.B., W.M., and F.P, may not have received or possessed Nude Photos and therefore lack sufficient grounds to invoke the Fifth Amendment.

The Fifth Amendment can be asserted in civil proceedings if an individual "reasonably believes his answers could be used in a criminal prosecution or lead to other evidence that could be used in a criminal prosecution." *Legend Biotech USA, Inc.*

*v. Liu*, 2024 WL 919082, *11 (D.N.J. Mar. 4, 2024) (citing *KST Data, Inc. v. DXC Tech Co.*, 2018 WL 5776842, at *1 (C.D. Ca. Oct. 15, 2018)). The proponent must show a "substantial and real hazard of self-incrimination." *Id.* (citing *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1369 (S.D. Fla. 2012) (quoting *United States v. Argomaniz*, 925 F.2d 1349, 1353 (11th Cir. 1991)) and *United States v. Radchik*, 2017 WL 2380177, at *3 (D.N.J. June 1, 2017) ("[t]he protection is limited to instances 'where the witness has reasonable cause to apprehend danger from a direct answer.'")).

As the Supreme Court held in *Hoffman v. United States,* 341 U.S. 479, 486 (1951), "[t]he witness is not exonerated from answering merely because he declares that in doing so he would incriminate himself—his say-so does not of itself establish the hazard of self-incrimination. It is for the court to say whether his silence is justified." For the court to find that the privilege against self-incrimination applies, it must be "evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation why it cannot be answered might be dangerous because injurious disclosure could result." *Id.* at 486–87; *see also Donovan v. Spadea*, 757 F.2d 74, 78 (1985)

"The fifth amendment shields against compelled self-incrimination, not legitimate inquiry, in the truth-seeking process." *National Life Ins. Co. v. Hartford Acc. and Indem. Co.*, 615 F.2d 595, 598 (1980). Although "the fifth amendment privilege must be liberally construed in favor of the right it was intended to secure, [the Supreme Cout] also made clear that the privilege may not be exercised solely upon the subjective

determination of the witness who invokes it." *Id.* (citing *Hoffman*, 341 U.S. at 479). "The juridical responsibility of objectively assessing whether the silence is justified rests with the court." *Id.*

Here, certain Non-Parties invoked the Fifth Amendment but do not appear to have a "substantial and real hazard of self-incrimination" in responding to Jane Doe's deposition questions or producing the documents, materials, and electronically stored information she subpoenaed. *Legend Biotech USA, Inc.*, 2024 WL 919082, at *11. To the contrary, it appears at least two of the Non-Parties already denied any involvement in criminal activity.

Testimony and document productions can also be compelled when Fifth Amendment rights are waived. As discussed in *In re A&L Oil Co., Inc.*, "[o]nce a witness voluntarily reveals incriminating facts, that individual may not invoke the privilege to avoid disclosing the details of those facts." *In re A&L Oil Co., Inc.*, 200 B.R. 21, 24 (D.N.J. 1996) (citing *Garner*, 424 U.S. at 654 n. 9 and *Rogers*, 340 U.S. at 373, 71 S.Ct. at 442); see also *U.S. v. Restitullo*, 215 F.Supp.3d 343, 350 (D.N.J. 2016) (Fifth Amendment rights can be waived by making "a deliberate choice to relinquish protection of those rights."). A "witness must disclose those details which are relevant to the incriminating facts previously revealed." *In re A&L Oil Co., Inc.*, 200 B.R. at 24.

Here, Defendant and several Non-Parties made statements during the WHS Investigation and HIB Investigation and when those statements were made they had no right to *Miranda* warnings. "*Miranda* warnings are necessary only where there is a

10

'custodial interrogation,' defined as 'questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'" *State v. Biancamano*, 284 N.J.Super. 654, 661, 666 A.2d 199, 202 (1995) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)). In school settings, when school officials act on their own and on their own authority, not at the direction of law enforcement, *Miranda* warnings are not required. *Biancamano*, 284 N.J.Super. at 661-662; see also *Cayenne v. Tobyhanna Township*, 2024 WL 3678378, *8 (M.D. Penn. Aug. 5, 2024); *Pollnow v. Glennon*, 594 F.Supp. 220, 224 (S.D.N.Y.1984), aff'd, 757 F.2d 496 (2d Cir. 1985); *Boynton v. Casey*, 543 F.Supp. 995, 997 & n. 4 (D. Me. 1982)); see also, *S.E v. Grant County Bd. of Educ.*, 544 F.3d 633, 641 (6th Cir. 2008) (finding that where the assistant principal was not acting at the behest of law enforcement, law enforcement officers were not present, and the assistant principal's actions were reasonable under the circumstances, he was not required to advise the student of her Miranda rights); *K.A. ex rel. J.A. v. Abington Heights School Dist.*, 28 F.Supp.3d 356, (M.D. Pa. 2014)(where questioning was for disciplinary purposes, and not law enforcement purposes, "under the federal constitution, students facing disciplinary action in public schools are not entitled to *Miranda* warnings.").

The Title IX Investigative Report demonstrates that the Defendant and his parents voluntarily participated in a meeting with WHS staff during which Defendant admitted to creating the Nude Photos and sharing them with several Non-Parties. *See* Doc. 73 CONFIDENTIAL Ex. 3 at pp. 7, 11. This report also shows that Defendant and several Non-Parties were interviewed as part of the WHS Investigation or HIB

11

Investigation. *Id.* at pp. 7-9, 11. These statements were made as part of school investigations, not a law enforcement investigation or at the direction of law enforcement. *Id.* at pp. 14, 16.

### C. The Inevitable Disclosure Doctrine Requires Defendant and Non-Parties to Produce Documents and ESI to Jane Doe

Even if the Fifth Amendment applies and has not been waived, it "does not bar the production of all incriminating evidence, 'but applies only when the accused is compelled to make a Testimonial Communication that is incriminating.'" *Legend Biotech USA, Inc. v. Liu*, 2024 WL 919082, * 11 (D.N.J. Mar. 4, 2024) (citing *United States v. Apple MacPro Computer*, 851 F.3d 238, 247 (3d Cir. 2017) (quoting *Fisher v. United States*, 425 U.S. 391, 408 (1976)). "An act of production can have testimonial impacts which infringe on the producer's Fifth Amendment rights, because '[t]he 'act of producing documents in response to a subpoena may have a compelled testimonial aspect [because by] producing documents in compliance with a subpoena, the witness would admit that the papers existed, were in his possession or control, and were authentic.'" *Id.* (citing *In re Reliant Energy Erisa Litig.*, Civ. A. No. 02-2051, 2005 WL 8166073, at *2 (S.D. Tex. Jan. 28, 2005) (quoting *United States v. Hubbell*, 530 U.S. 27, 36 (2000)).

However, the "foregone conclusion exception allows a proponent to compel production when '[t]he existence and location of the [documents] are a foregone conclusion and the [producer] adds little or nothing to the sum total of the Government's information by conceding that he in fact has the [documents].'" *Id.*

(citing *United States v. Fridman*, 337 F. Supp. 3d 259, 265 (S.D.N.Y. 2018)). For this exception to apply, the proponent "need not demonstrate perfect knowledge of each specific responsive document," but it must "know, and not merely infer, that the sought documents exist, that they are under the control of defendant, and that they are authentic." *Id.* Under this exception, the Fifth Amendment does not protect an act of production when any potential testimonial component—such as the existence, custody, and authenticity of evidence—is a foregone conclusion. *Apple MacPro Computer*, 851 F.3d at 247.

Here, the "foregone conclusion" exception applies and requires Defendant, John Smith, and Non-Parties, M.A., R.S., K.W., T.B., W.M., and F.P, to produce the documents, materials, and electronically stored information Jane Doe requested and subpoenaed them to produce. The information already available from the WHS Investigation, HIB Investigation, and Title IX Investigation establishes that the existence and location of the Nude Photos on Defendant's and the Non-Parties' devices are a foregone conclusion such that producing them adds little or nothing to the sum total of Plaintiff's information by conceding that they in fact have them. *Legend Biotech USA, Inc.*, 2024 WL 919082, at * 11. There have been several cases in which the foregone conclusion exception required the production of documents and electronically stored information despite Fifth Amendment claims in situations involving child pornography. *See e.g., Apple MacPro Computer*, 851 F.3d at 247-248; *In re Grand Jury*, 505 F.Supp. 1041, 1043 (D.N.J. 1981); *In re Boucher*, 2009 WL 424718, *3-4 (D. Verm. Feb. 19, 2009).

Accordingly, even if Defendant and the Non-Parties are not compelled to testify in this action, they should be compelled to produce the following documents, materials and information Jane Doe requested [Doc. 46 Confidential Ex. 4] and subpoenaed from the Non-Parties [CONFIDENTIAL COMPOSITE EXHIBIT 1]. In particular, they should be compelled to produce all relevant images and electronic data associated images that may be stored in any location (including, without limitation, storage on any electronic device, external hard-drive, disc, card, drive, flash drive, and cloud-based storage) or device (including without limitation, cell phone, computer, wireless router or network) in their possession, custody, and/or control; all text or multi-media messages, direct messages, chats, group chats or similar communication(s) or transmission(s) in or through which any person sent, showed, shared, transmitted, transferred, disseminated, distributed, and/or provided access to any such images; all social media posts and communications which contain or reference any such images; all data, metadata, and electronically stored information, including without limitation "My Data," from any Snapchat account(s) they used or had access to, containing or referencing any such images; all communications (excluding those with attorneys) related to or containing any such images; and any images created, viewed, received, downloaded, saved or obtained from ClothesOff or any similar application or website.

## V.   CONCLUSION

Based on the foregoing, Plaintiff, Jane Doe respectfully requests that the Court grant her Motion to Compel Discovery and Documents and enter an Order:

1. Determining whether Non-Parties, M.A. K.W., T.B., R.S., W.M., and F.P., are entitled to claim the protection of the Fifth Amendment;

2. Determining whether Defendant, John Smith, and Non-Parties, M.A., K.W., T.B., R.S., W.M., and F.P., waived any rights to refuse to testify under the Fifth Amendment;

3. Upon determining that any of the Non-Parties are not protected by the Fifth Amendment or that Defendant and/or any of the Non-Parties waived any rights under the Fifth Amendment, compelling them to testify;

4. Determining whether the invocation of the Fifth Amendment by Defendant, John Smith, and/or Non-Parties, M.A., K.W., T.B., R.S., W.M., and F.P., is overcome by the foregone conclusion exception; and

5. Upon determining that the Fifth Amendment is overcome by the foregone conclusion exception, compelling Defendant, John Smith, and/or Non-Parties, M.A., K.W., T.B., R.S., W.M., and F.P., to produce documents, materials, and electronically stored information sought by Jane Doe.

Dated this 13th day of December, 2024.   Respectfully submitted,

/s/ John Gulyas
Jon-Henry Barr, Esq.
(Atty. ID #001561996)
E-mail: jhbarr@barrgulyas.com
John Gulyas (Atty ID # 023281999)
E-mail: jgulyas@barrgulyas.com
BARR & GULYAS, L.L.C.
21 Brant Avenue
Clark, New Jersey 07066
(732) 340-0600

*Co-Counsel/Local Counsel for Plaintiff*

Shane B. Vogt - FBN 257620
E-mail: svogt@tcb-law.com

> David A. Hayes - FBN 096657
> E-mail: dhayes@tcb-law.com
> TURKEL CUVA BARRIOS, P.A.
> 100 North Tampa Street, Suite 1900
> Tampa, Florida 33602
> Tel: (813) 834-9191
> Fax: (813) 443-2193
>
> *Attorneys for Plaintiff (**Pro Hac Vice**)*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2024, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

> /s/ *John Gulyas*
> Attorney