

Kevin G. Walsh
Tel 973.443.3550
KevinG.Walsh@gtlaw.com

December 18, 2024

**VIA PACER/ECF**

Hon. James B. Clark, III, U.S.M.J.
United States District Court for the
   District of New Jersey
Martin Luther King Jr. Federal Building
   and United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    ***Doe v. Smith***
              **Case No. 2:24-cv-00634-ES-JBC**

Dear Judge Clark:

      This firm represents non-party K.W., who has sought to intervene and quash subpoenas that Plaintiff served upon the Westfield Public School District, Westfield High School, and the Westfield Police Department in connection with the above-referenced matter. K.W. respectfully urges this Court to entertain oral arguments on that pending motion, (Doc. No. 80), as well as Plaintiff's intimately related pending motion to eviscerate the Fifth Amendment Privileges of several children who have been unwillingly thrust into the drama that is this federal litigation. Oral argument always rests with the discretion of the Court, of course (*see* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b)), but the issues impacting this motion and the complexities within the broader context of this case both favor oral argument in this unique and terrible saga.

      The pending motions involve a host of sensitive legal issues, including privacy concerns, constitutional issues involving minors, alleged child pornography, and the availability of sensitive public-school records relating to pending school discipline charges.  Since I filed K.W.'s motion, these legal issues have taken on greater significance considering Plaintiff's motion (Doc. No. 85) seeking to nullify K.W.'s Fifth Amendment rights by, among other things, compelling K.W.'s deposition, despite Judge Salas's preliminary ruling in February 2024 that the subject matter of this case involves illegal contraband that cannot safely or legally be possessed by anyone, whether that person is an adult or a child.

      These complex issues are not only at the epicenter of this case, but also reside at the forefront of a national conversation about child safety.  Earlier this month, the U.S. Senate

Hon. James B. Clark, III, U.S.M.J.
December 18, 2024
Page 2

_____

passed the bi-partisan TAKE IT DOWN Act, S.4569, a bill that would amend Section 223 of the Communications Act of 1934, 47 U.S.C. § 223, to require social media companies to remove certain non-consensual images after being notified by an alleged victim.[1]  Further, just this past Sunday, a feature on CBS's *60 Minutes* focused on the intersection of Artificial Intelligence and child pornography in an interview of another Westfield High School student, which alluded to this very litigation.[2]

This case squarely concerns issues that extend far beyond the heartland of routine commercial litigation matters, which frequently involve basic applications of well-worn legal principles, routinely decided on the papers.  *See Wadhwa v. Nicholson*, 367 Fed. Appx. 322, 326 (3d Cir. 2010) (no oral argument required when the "issues before the District Court . . . were straightforward and clearly presented in the parties' written submissions").  To the contrary, the pending motions concern complex, interrelated, and evolving legal issues.  These issues are magnified and made more critical given the grave constitutional implications of Plaintiff's motion to compel.  We submit that a fulsome oral argument will assist this Court to contextualize all these issues, and that oral argument will benefit both the Court and all counsel.

We thank the Court for considering this request.

Respectfully submitted,

Kevin G. Walsh

cc:     All parties of record (via ECF)
        All counsel for proposed intervenors

---

[1] *See* https://www.congress.gov/index.php/bill/118th-congress/senate-bill/4569.
[2] *See* https://www.msn.com/en-us/news/us/teen-fights-for-change-around-ai-nudify-sites/ar-AA1vUFTo?ocid=BingNewsSerp.