**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE, a minor, through her parents and legal guardians, JANE ROE and JOHN ROE,<br><br>Plaintiff,<br><br>v.<br><br>JOHN SMITH, a minor, by and through his parent(s) and legal guardian(s), JOE SMITH. and JANE SMITH,<br><br>Defendant. | **Case No. 2:24-cv-00634-ES-JBC** |

**DECLARATION OF SHANE B. VOGT, ESQ.**

I, Shane B. Vogt, do hereby certify that:

1. I am an attorney licensed in the state of Florida and have been admitted in the above-captioned proceeding *pro hac vice* as counsel for the Plaintiff.

2. I submit this Declaration in support of the parties' Joint Motion to Permanently Seal August 14, 2025 Proceedings and Confidential Final Order [ECF 105].

3. I have been personally involved in and handled the above captioned proceeding on behalf of Plaintiff, Jane Doe, since its inception, including during all settlement negotiations, at mediation, and the drafting of related documents and agreements.

4. This case involves minor parties whose identities are already subject to sealing orders entered by this Court [*see* Doc. No. 25, 26, 30, 42, 44, 45, 49, 93, 94], as well as protection under applicable law. The subject matter of this action involves alleged nude images of minors and is also highly confidential and sensitive.

5. Through an extended process that began in early 2025, the parties reached an agreement resolving this proceeding on terms that include strict confidentiality provisions that are an important and material term thereof.

6. Because Plaintiff and Defendant are minors, they sought court approval of their agreement to resolve this proceeding (absent which, they would not be disclosing or seeking Court approval of their agreement).

7. Pursuant to Local Civil Rule 5.3(c)(3), the undersigned hereby certifies the following:

(a) Nature of materials and proceedings at issue: The parties seek to permanently seal and restrict public access to the hearing held on August 14, 2025, and resulting Final Order [ECF 105];

(b) Legitimate private or public interest warranting relief sought: Sealing is warranted based on legitimate private and public interests that include preventing the disclosure of identity of minors; protecting and preserving private contractual interests and rights of privacy; and preventing the potential dissemination of alleged child pornography. See e.g. *In re Avandia Mktg., Sales Practices & Prods. Liability Litig.,* 924 F.3d 662,672 (3d Cir. 2019); *In re Cendant Corp.,* 260 F.3d 183, 194 (3d Cir. 2001); *Walsh Sec., Inc. v. Cristo Prop. 1vfgmt., Ltd,* Civil Action No. 97-3496 (DRD)(MAS), 2010 U.S. Dist. LEXIS 66399, at *7 (D.N.J. June 30, 2010) (Shipp, M.J.); *Bank of Hope v. Chon,* Civil Action No 14-01770-2020 (KM)(JAD), U.S. Dist. LEXIS 93850, at * *5* (D.N.J. May 29, 2020) (Dickson, M.J.); *Sabinsa Corp. v. lferbakraft, Inc.,* Civil Action No. 14-4738 (RBK)(KMW), 2017 U.S. Dist. LEXIS 123190 at *4 (D.N.J. Aug. 4, 2017) (Kugler, U.S.D.J.); *Hershey Co. v. Promotion in Motion,*

*Inc.,* Civil Action No.: 07-1601 (SDW)(MCA), 2010 U.S. Dist. LEXIS 149977, at* 10 (D.N.J. Aug. 4, 2010) (Arleo, M.J); *leap Sys. v. Moneytrax, Inc.,* Civil Action No. 05-1521 (FL W)(TJM), 2010 U.S. Dist. LEXIS 53167, at *28-29 (D.N.J. June 1, 2010) (Wolfson, U.S.D.J.) (recognizing that agreement would not have been reached but for confidentiality agreement and that public disclosure will not promote fairness and efficiency and, in fact, would unfairly remove a material term of a private contract upon which parties relied), *affd,* 638 F.3d 216 (3d Cir. 2011). 15 U.S.C. § 6851(b)(3)(B) expressly recognizes the right to proceed under a pseudonym in an action brought under the statute, and several courts have used the statute as a basis for doing so. *See Doe v. Sultan*, 2023 WL 7027976, *2 (W.D.N.C. Oct. 25, 2023); *Doe v. Willis*, 2023 WL 6907100 (D. Col. Sep. 22, 2023). Courts have also recognized the appropriateness of allowing anonymity in cases involving alleged child pornography. *Doe v. Orshin*, 299 F.R.D. 100 (D.N.J. 2014).

(c) <u>Clearly defined and serious injury that would result if the relief sought is not granted</u>: Clearly defined and serious injuries would result absent the requested sealing, including disclosure of the identities of minors, exacerbation of the harm this action sought to prevent, exposing the parties to harassment and threats; and violations of contractual rights and rights of privacy; as well as the potential dissemination of alleged child pornography. Thus, divulgence would work a clearly defined and serious injury to movants. *Pansy v. Borough of Stroudsburg,* 23 F 3d 772, 787 (3d Cir. 1994 ).

(d) Reasons why a less restrictive alternative to the relief sought is not available: Given the nature of the proceedings and documents sought to be sealed, there is no way other than sealing that could prevent the harms and protect the interests referenced above.

(e) Prior Sealing Orders: Prior Orders sealing the same or similar materials or information in this action were issued [*see* Doc. No. 25, 26, 30, 42, 44, 45, 49, 93, 94, 105];

(f) Objections to request: Plaintiff and Defendant are unaware of any party or non-party known to be objecting to the sealing request.

(g) Materials to which there is an objection: None.

(h) Basis for Objection: None.

(i) Reasons why materials previously sealed should not be maintained under seal: None.

8. Accordingly, clearly defined and serious injuries will result if the August 14, 2025 proceedings and Confidential Final Order [ECF 105] are not permanently sealed.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 20, 2026

Shane B. Vogt - FBN 257620