**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE, a minor, through her parents and legal guardians, JANE ROE and JOHN ROE,<br><br>Plaintiff,<br><br>v.<br><br>JOHN SMITH, a minor, by and through his parent(s) and legal guardian(s), JOE SMITH. and JANE SMITH,<br><br>Defendant. | **Case No. 2:24-cv-00634-ES-JBC** |

**ORDER PERMANENTLY SEALING FILINGS & PROCEEDINGS**

THIS CAUSE, came before the Court upon the Joint Motion filed by Plaintiff, Jane Doe, by and through her parents and legal guardians, Jane Roe and John Roe, and Defendant, John Smith, by and though his parents and legal guardians, Jane Smith and Joe Smith, [ECF 106], which requests to permanently seal and restrict public access to the proceedings held on August 14, 2025 and resulting Confidential Final Order [ECF 105].

**Findings of Fact & Conclusions of Law**

1. Because Plaintiff and Defendant are minors and based on the nature of the events and claims at issue in this proceeding and the contractual and privacy rights involved, there are legitimate private and public interests supporting sealing and clearly defined and serious injuries that would result if sealing the proceedings held on August 14, 2025 and resulting Confidential Final Order [ECF 105] were not ordered.

2. Because Plaintiff and Defendant are minors and based on the nature of the events and claims at issue in this proceeding and the contractual and privacy rights involved, clearly

defined and serious injuries that would result if sealing the proceedings held on August 14, 2025, and resulting Confidential Final Order [ECF 105] were not ordered.

3. Based on the particular circumstances of this case, particularly the privacy interests that would be violated and embarrassment caused by disclosure, the information the parties seek to seal is deserving of protection from public disclosure. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483-484 (3d Cir. 1995) (discussing factors to be considered to determine whether good cause exists for protection of material).

4. The public possesses a presumptive, but not absolute, right of access to judicial proceedings and records that can be overcome through a "showing that the interest in secrecy outweighs the presumption." *In re Avandia Mktg., Sales Practices & Prods. Liability Litig.*, 924 F.3d 662,672 (3d Cir. 2019) (internal quotations omitted); *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). To overcome this presumption, a "movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *In re Avandia,* 924 F.3d at 672 (quoting *Miller v. Ind. Hosp.,* 16 F.3d 549, 551 (3d Cir. 1994)).

5. Sealing has been ordered when necessary to protect highly sensitive and confidential information, as well as pursuant to contracts requiring confidentiality. *See, e.g ..* *Walsh Sec., Inc. v. Cristo Prop. 1vfgmt., Ltd,* Civil Action No. 97-3496 (DRD)(MAS), 2010 U.S. Dist. LEXIS 66399, at *7 (D.N.J. June 30, 2010) (Shipp, M.J.); *Bank of Hope v. Chon,* Civil Action No 14-01770-2020 (KM)(JAD), U.S. Dist. LEXIS 93850, at * *5* (D.N.J. May 29, 2020) (Dickson, M.J.); *Sabinsa Corp. v. lferbakraft, Inc.,* Civil Action No. 14-4738 (RBK)(KMW), 2017 U.S. Dist. LEXIS 123190 at *4 (D.N.J. Aug. 4, 2017) (Kugler, U.S.D.J.); *Hershey Co. v. Promotion in Motion, Inc.,* Civil Action No.: 07-1601 (SDW)(MCA), 2010 U.S. Dist. LEXIS

149977, at* 10 (D.N.J. Aug. 4, 2010) (Arleo, M.J); *Leap Sys. v. Moneytrax, Inc.*, Civil Action No. 05-1521 (FL W)(TJM), 2010 U.S. Dist. LEXIS 53167, at *28-29 (D.N.J. June 1, 2010) (Wolfson, U.S.D.J.), *affd,* 638 F.3d 216 (3d Cir. 2011).

6. Plaintiff and Defendant have justified the sealing of the proceedings held on August 14, 2025, and the Confidential Final Order [ECF 105] by showing a substantial and compelling interest in confidentiality and that divulgence would work a clearly defined and serious injury to the parties. *Pansy v. Borough of Stroudsburg,* 23 F 3d 772, 787 (3d Cir. 1994 ). Moreover, the private and public interests served by sealing outweigh the competing interest of the common law presumption of access. *In re Cendant Corp.,* 260 F.3d at 194. In particular, failing to seal the August 14, 2025, proceedings and Confidential Final Order [ECF 105] would likely result in the disclosure of the identities of minors, exacerbate of the significant harm this action sought to prevent, make the parties targets of harassment and threats, violate contractual rights and rights of privacy, and possibly lead to the dissemination of alleged child pornography and/or the identities of its alleged victims.

**ORDER**

It is thereupon **ORDERED** and **ADJUDGED** that the parties' Joint Motion to Seal [ECF 106] is **GRANTED** and the Clerk is directed to permanently seal (1) the proceedings Held on August 14, 2025, including ~~any records, minutes, memos, and/or~~ transcripts thereof; and (2) the Confidential Final Order entered by the Court [ECF 105].

DONE and ORDERED this 19th day of ~~January~~ February, 2026.

HON JAMES B. CLARK, III
UNITED STATES MAGISTRATE JUDGE

*unopposed



ME1\59687551.v1